Lydia L. KIRBY, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 8755.

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1966.

James P. Johnston, Wichita, Kan. (Clarence R. Sowers, John W. Sowers, Davis S. Carson, Wichita, Kan., with him on the brief), for appellant.

Harvey L. Zuckman, Atty., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Newell A. George, U. S. Atty., and David L. Rose, Atty., Dept. of Justice, with him on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

The appellant applied for social security disability benefits under 42 U.S.C.A. §§ 416, 423. The hearing examiner denied her claim, concluding that she had failed to establish her disability. The Appeals Council of the Social Security Administration declined to review the hearing examiner's denial of benefits, and the determination became final. Claimant obtained review in the United States District Court, the court affirmed the denial of benefits, and claimant has taken this appeal.

The proper scope of judicial review of these administrative proceedings and the authority of the Secretary are fully described in Gardner v. Bishop, 362 F.2d 917 (10th Cir.), Celebrezze v. Warren, 339 F.2d 833 (10th Cir.), and in Gardner v. Brian, 369 F.2d 443 (Tenth Circuit, No. 8342, November 29, 1966), and there is no need to repeat here these standards.

The record shows that appellant was fifty-three years old when she filed her claim in September 1963, was married, and had a family. Her formal education ended with completion of the fourth grade, she has limited ability to write, reads only an occasional letter, and her work experience, except for a week or two as a dishwasher, was solely with the Boeing Company, an aircraft manufacturer in Wichita, Kansas, for whom she worked from 1952 until April 1963. During her employment with Boeing she was assigned to various jobs, but her last job was as a tape cutter, which involved carrying rolls of tape, applying the tape to parts with a heated iron, and cutting the tape with a knife.

In April 1963 the appellant became ill. Her general complaints, some of which predated this illness, were pains in her back, neck and hands, shortness of breath, pain in her abdomen, and dizziness. A number of medical reports by several physicians are included in the record. While these reports are not in complete agreement as to appellant's physical and

mental state they reveal these objective conditions: mild pulmonary fibrosis; a small, reducible hiatal hernia; osteoarthritic changes in her hands, primarily in the thumb and index finger; and a menopausal syndrome characterized by anxiety, nervousness, and occasional periods of vagueness and confusion. The appellant's weight dropped from 145 to 120 pounds between April 1963 and the hearing, though it does not appear that she was underweight for a woman of her height and physique. The appellant also complained of continuous pain and discomfort.

After her illness in April 1963, and after repeated visits to her doctor, her physician released her to return to work at Boeing with the following restrictions: she was not to work (1) in areas where she was exposed to toxic dust or fumes, or (2) in areas of low air pressure, and (3) she was not to lift objects weighing more than 30 to 35 pounds. She attempted to return to work, and the doctors at Boeing cleared the appellant to resume work under the above limitations, but the company had no work being performed suitable for a person with these limitations.

The hearing examiner, in denying the appellant's application for disability benefits, accepted the foregoing limitations, and also assumed that appellant was unable to do fine manipulative work with her hands owing to an arthritic condition. It also appears that the hearing examiner assumed that the appellant's physical impairments required that any future employment be sedentary. He found that the appellant was disabled from performing her usual employment at the Boeing Company, and this is undisputed here.

The hearing examiner concluded, and the Secretary agreed, that the appellant was not entitled to disability benefits because, despite her condition, she was still able to "engage in substantial gainful activity." Appellant, on the other hand, argues that the cumulative effect of her impairments, physical and mental, cause her to be disabled from engaging in any substantial gainful activity.

■ This court's review of the Secretary's final decision is limited as above described, and the credibility of the applicant with respect to complaints of pain may be weighed by the hearing examiner. Consideration may also be given to motivation and objective medical findings to determine the extent of the applicant's pain. Celebrezze v. Warren, supra; Gardner v. Brian, supra.

■ In view of the objective medical findings in the record and the hearing examiner's questioning of the appellant, we cannot say that he improperly concluded that the appellant's assertion of continuous and intense pain was exaggerated. We cannot believe, however, that the hearing examiner meant that the applicant suffered no pain. Instead we must assume that he considered that appellant suffered from pain which would be consistent with the objective medical findings. He concluded that the appellant was not experiencing pain in occurrence and intensity sufficient to be disabling. We cannot say that his conclusion is wrong.

■ The record supports the Secretary's position that the appellant is able to perform work subject to the following restrictions: the work must be sedentary; it must not require fine manipulation with the hands; it must not require lifting of objects weighing more than 30 to 35 pounds; and the work must not expose the appellant to toxic dust and fumes or to low air pressure. The foregoing employment restrictions so derived thus define and limit the gainful activity in which appellant may engage. The test of capability must be related to the particular claimant. Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir.). Consideration must also be given to the appellant's age, education, training and experience, as well as to her mental capabilities. Celebrezze v. Warren, supra; Gardner v. Brian, supra.

■■ When the appellant so established that she was disabled from performing her usual work, the burden was on the Secretary to go forward with

proof of the reasonable availability to appellant of other work for which she was suited. Gardner v. Brian, supra; Haley v. Celebrezze, 351 F.2d 516 (10th Cir.); Celebrezze v. Warren, supra. The reasonable availability of suitable work of course depends on the facts of each case, and certainly does not mean that a job must be found for the claimant.

In the case at bar, unlike the testimony in Gardner v. Brian, supra, a vocational consultant testified that work suitable for claimant was being performed in the Wichita area where she lived with her husband and daughters. The consultant specifically took note of the appellant's age, her low-normal range of intelligence, her fourth grade education, her prior training and work experience, and testified that suitable work for her was being performed in Wichita at the Coleman Company. This work at Coleman involved subassembly of camp stoves and similar products. The work was sedentary, involved no lifting of objects weighing over thirty pounds, and involved only gross manipulation of the hands. However, other than the work at the Coleman Company, there is no evidence in the record that any other work was being performed anywhere which was suitable for individuals with the work capability and medical impairments of the appellant. Thus the vocational consultant testified as to the work appellant could do, and referred only to the Coleman Company as having this type of work being performed. But he also testified that Coleman would not hire her "on the basis of her history," nor would any similar employer make suitable work available to her, and that she was "unemployable." [1] The record thus shows that even if the appellant were able to perform subassembly work for the Coleman Company, or another employer with similar positions, she was foreclosed by reason of her physical condition, "her history"; she was "unemployable" to such employers.

Thus, according to the record before us, the cumulative effect of the appellant's present impairments, her medical history, her age, education, intelligence, and training make the appellant unemployable by employers offering work that she might be able to perform. The appellant thus represents an employment risk that industrial employers will not assume. As was said in Thomas v. Celebrezze, 331 F.2d 541 (4th Cir.): "Employers are concerned with substantial capacity, psychological stability, and steady attendance; they will not unduly risk increasing their health and liability insurance costs. It is unrealistic to think

---

1. Appellant's attorney questioned the vocational consultant as follows:

"Q. * * * Now, Mr. Barnabas, I've asked you to assume what I have felt is the substance of the medical information in this file without going into a specific review of Dr. Cauble's deposition, but as I stated at the beginning of the hypothetical, I asked you to assume that beginning sometime in 1958 this lady, the applicant, began seeing Dr. Cauble regularly, first for menopausal symptoms. Further that in about 1961 she was complaining of low back pain to Dr. Cauble. If my memory serves me correctly, he prescribed a back brace for her. Now, Doctor—I'm sorry—Mr. Barnabas, with that kind of a medical history on the applicant first of all, in your opinion, is she able to—and I realize the significance of this question—obtain employment in industry in terms of her past education?

"A. Of course not.

"Q. Would you explain why your opinion was such?

"A. Any concern that had work of the limited type that she can, in my opinion, do would not employ her because they have personnel procedures which involve medical examinations and checking of histories. The mere fact that she has been disabled and, I believe, has workman's compensation pending or something according to the record or received it. This would eliminate her from the large employers of these segmented or separated types of tasks, which in my opinion I expressed under the hypothesis that she could do.

"Q. So it's your opinion that she wouldn't be hired by the Coleman Company.

"A. That she is unemployable by companies which have sedentary tasks of this nature because they wouldn't hire her on the basis of her history."

that they would hire anyone with the impairments of this claimant."

This case was decided by the trial court before the decision in Gardner v. Brian, 369 F.2d 443 (Tenth Circuit, No. 8342, November 29, 1966), which set out the standards pertaining to the reasonable availability of suitable work. Applying the rationale of the cited case to the case at bar, it must be held that there is not work suitable to claimant being performed in the area where she can reasonably be expected to seek employment.

Thus the record shows that appellant is unable to perform her previous work, that although she has sought employment with her former employer there is no work being there performed which is within her capabilities, and that the Secretary has come forward with no evidence of the availability of other suitable work. On such a record we hold that the claimant is entitled to disability benefits as provided by law and regulation, and we reverse the decision of the trial court with directions that the case be remanded to the Secretary for a determination of the amount of disability benefits to which claimant is entitled.