Horace PAYNE, Petitioner-Appellant,

v.

John W. WINGO, Warden, Respondent-Appellee.

No. 20871.

United States Court of Appeals,
Sixth Circuit.

June 2, 1971.

Joseph G. Glass, Louisville, Ky., for petitioner-appellant.

James H. Barr, Commonwealth of Kentucky, Frankfort, Ky., for respondent-appellee; John B. Breckinridge, Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., on brief.

Before EDWARDS, BROOKS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellant appeals from the denial of a petition for a writ of habeas corpus by the United States District Court for the Western District of Kentucky, Paducah Division.

In 1964, appellant was convicted of armed robbery and sentenced to life imprisonment by the McCracken Circuit Court. No appeal was taken. After unsuccessfully pursuing Kentucky post-conviction proceedings, appellant filed a habeas corpus petition with the United States District Court, pursuant to 28 U. S.C. § 2241 et seq. Appellant alleges that he was denied the effective assistance of counsel when his retained counsel failed to appeal the armed robbery conviction. He contends that the attorney had been paid to prosecute the appeal and had made oral and written promises to do so.

The determination of this question is made difficult by the loss of relevant letters, court records and attorney's files, and by the death of appellant's trial counsel. Realizing the need for additional information, on May 11, 1970, the District Court ordered an evidentiary hearing on the allegations in the habeas corpus petition and appointed a Special Master to conduct the proceedings. In the order the District Court indicated that the appellant would be entitled to relief if his allegations were true.

At the hearing before the special master, held on June 12, 1970, appellant and his mother testified about their conversations and understandings with trial counsel. The gist of their testimony was that the attorney promised to prosecute an appeal from the armed robbery conviction. Evidently, after reading the transcript of the evidentiary hearing, the District Judge disbelieved the appellant and his mother and denied the habeas corpus petition. Appeal is from that denial.

After reviewing the record and the relevant precedents, we do not find it necessary to reach the issue of the denial of effective counsel. We find that appellant was not accorded an evidentiary hearing by the judicial officer required

by law.[1]    Accordingly, we remand for further proceedings.

In our system of government habeas corpus provides "a prompt and efficacious remedy for whatever society deems to be intolerable restraints.    Its root principle is that in a civilized society, government must always be accountable to the judiciary for a man's imprisonment * * *." Fay v. Noia, 372 U.S. 391, 401–402, 83 S.Ct. 822, 829, 9 L.Ed. 2d 837 (1963).    Recognizing that the evidentiary hearing is an indispensable and crucial part of the just disposition of many federal habeas corpus petitions, the Supreme Court has held that "a federal evidentiary hearing is required unless the state-court trier of the fact has after a full hearing reliably found the relevant facts."   Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963).

In a federal habeas corpus evidentiary hearing the trier of facts must evaluate the testimony of the witnesses.  A petitioner's success or failure may often be a product of the credibility of the witnesses at the hearing. Opportunity for personal observation of witnesses is undeniably an important element in the fact-finding process.

Assuming, as the District Judge found, that an evidentiary hearing was required in the case at bar, we now turn to the question of whether the federal District Judge must personally conduct that hearing.   In Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), the Supreme Court, facing this question,[2]    held that "[t]he District Judge should himself have heard the prisoner's testimony and, in the light of it and the other testimony, himself have found the facts and based his disposition of the cause upon his findings."   *Id.* at 353–354, 61 S.Ct. at 1019.    *Accord,* O'Keith v. Johnston, 122 F.2d 554 (9th Cir. 1941), cert. denied, 317 U.S. 680, 63 S.Ct. 161, 87 L.Ed. 546 (1942); *cf.* Application of Murra, 166 F.2d 605 (7th Cir. 1948).   The Court in *Holiday* reasoned that

> One of the essential elements of the determination of the crucial facts is the weighing and appraising of the testimony.   Plainly it was intended that the prisoner might invoke the exercise of this appraisal by the judge himself.   We cannot say that an appraisal of the truth of the prisoner's oral testimony by a master or commissioner is, in the light of the purpose and object of the proceeding, the equivalent of the judge's own exercise of the function of the trier of the facts.   313 U.S. at 352, 61 S.Ct. at 1018.

That decision, however, was based on 28 U.S.C. §§ 457, 458 and 461.[3]    These pro-

1.  Since the hearing was not conducted by a United States magistrate, a position authorized by 28 U.S.C.A. §§ 631–639 (Supp.1971), our decision is not concerned with that statute.   For a general discussion of the statute's applicability to habeas corpus proceedings, see Note, Proposed Reformation of Federal Habeas Corpus Procedure: Use of Federal Magistrates, 54 Iowa L.Rev. 1147 (1969).

Our decision also makes it unnecessary for us to decide if the Constitution permits Congress to delegate the conduct of evidentiary hearings to masters, magistrates or other such officials.

2.  In *Holiday* the District Judge, as was the practice in California, ordered the petitioner in a habeas corpus proceeding to testify before a "commissioner of the District Court."   The commissioner also received the depositions of two witnesses and submitted a report containing a summary of the asserted grounds for relief, findings of fact and conclusions of law, and a recommendation that the application be denied.   After hearing arguments on the commissioner's report, the District Judge dismissed the writ.

3.  The Supreme Court in *Holiday* described 28 U.S.C. §§ 457, 458 and 461 as follows:

Revised Statutes §§ 757, 758, and 761 prescribe the procedure to be followed. The first requires that "The person to whom the writ is directed shall certify to the court, or justice, or judge before whom it is returnable the true cause of the detention of such party"; and the second that: "The person making the return shall at the same time bring the body of the party before the judge who granted the writ."

visions have been replaced by 28 U.S.C. § 2241 et seq. We must now decide whether the *Holiday* doctrine is applicable to the new statutory scheme. We think that it is.

The current authority for the conduct of the evidentiary hearing on habeas corpus matters is primarily contained in 28 U.S.C. § 2243. We find no language in this section authorizing a District Judge to delegate the conduct of an evidentiary hearing to a Special Master. Section 2243 states that "[t]he *court* shall summarily hear and determine the facts, and dispose of the matter as law and justice require." (Emphasis added.) This provision is very similar to its predecessor, 28 U.S.C. § 461, which was the most relevant statute relied on in *Holiday*. Section 461 provided "[t]he *court, or justice, or judge* shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." (Emphasis added.) Although the statute interpreted in *Holiday* authorized "the court, or justice, or judge" to determine the facts, and the current provision merely refers to "the court," we do not find the difference significant. The Supreme Court in *Holiday* essentially held that the phrase "court, or justice, or judge" in 28 U.S. C. § 461 referred to a federal judge rather than a commissioner. Since these words were phrased in the alternative in that statute, the Supreme Court in *Holiday* found that the word "court" was the equivalent of the word "judge" for purposes of 28 U.S.C. § 461. When Congress retained the reference to the "court" in the new statute, it must have meant to retain the meaning that the Supreme Court gave that word in the preceding statute. Assuming, without deciding that Congress could have

constitutionally changed the result of *Holiday* by a specific provision in Section 2243, it is evident that Congress chose not to do so. We are not at liberty to disturb that decision.

The Federal Rules of Civil Procedure also provide no authority for the delegation of the conduct of a habeas corpus evidentiary hearing to a Special Master. Rule 81(a) (2) states:

These rules are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions.

Since Rule 53 of the Federal Rules of Civil Procedure permits the use of a master in certain civil cases, it can be argued that Rule 81 makes Rule 53 applicable to habeas corpus proceedings. This argument is without merit. In Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), the Supreme Court held that Rule 53 has no application to habeas corpus matters because statutes prescribed the practice to be used in such proceedings. Although the statutes have somewhat changed since that decision, the *Holiday* holding still has vitality since the modern statutes, like their immediate antecedents, provide sufficient procedures for habeas corpus proceedings to preclude reliance on Rule 53.

We realize that our decision in this case does not help alleviate the tremendous and increasing burden which the expanding number of habeas corpus petitions places on United States District Judges.[4] Nevertheless, we must be ever mindful of the fundamental role that habeas corpus plays in our judicial system. Without a clear mandate from Congress, we cannot presume that that body would

The third provides that: "The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice re-

quire." 313 U.S. at 350–351, 61 S.Ct. at 1018.

4. For a discussion of the increase in habeas corpus petitions, see Note, Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1041 (1970).

entrust a vital and often conclusive part of habeas corpus to an official, like a Special Master, who lacks the independence and authority of the federal judiciary.[5]

Since appellant in this case did not receive an evidentiary hearing which satisfied the applicable statutes, the case must be reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded

---

5. Commentators disagree on the desirability of using masters in habeas corpus proceedings. *Compare* ABA, Standards Relating to Post-Conviction Remedies (Tent.Draft 1967), *with* Note, Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1188–89 (1970).