Joseph F. GREEN, Petitioner-Appellant

v.

UNITED STATES of America, Respondent-Appellee.

No. 71-1075.

United States Court of Appeals, Sixth Circuit.

July 2, 1971.

Joseph F. Green, in pro. per.

George J. Long, U. S. Atty., Kenneth J. Tuggle, First Asst. U. S. Atty., Louisville, Ky., on brief for appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

In October 1953, petitioner-appellant Joseph F. Green was sentenced to fifteen years' imprisonment for numerous violations of the Dyer Act, 18 U.S.C. §§ 2312, 2313. In June 1969, Green petitioned the United States District Court for the Western District of Kentucky for vacation of his sentence, pursuant to 28 U.S.C. § 2255. The petition was denied without an evidentiary hearing, and Green appealed. This court vacated the District Court's judgment and remanded the case for an evidentiary hearing. United States v. Green, No. 19915 (6th Cir.1970).

Now the case is before us again. It appears from the briefs and records that the District Court appointed a Special Master before whom petitioner and other witnesses gave testimony. The District Court saw only the transcript of this testimony and the briefs filed by the parties. He made his findings of fact without observing the witnesses in person.

In a similar case, we have held that 28 U.S.C. § 2243 does not authorize the appointment of a Special Master in habeas corpus actions. Payne v. Wingo, 442 F. 2d 1192 (6th Cir.1971). An examination of the language of 28 U.S.C. § 2255 requires the same result in federal post-conviction relief actions. Section 2255 reads, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, *the court* shall * * * grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (emphasis added). In accordance with our decision in *Payne,* we hold that a Special Master may not be appointed to conduct an evidentiary hearing.

Accordingly, the judgment of the District Court is vacated and the cause is remanded for an evidentiary hearing consistent with this opinion. Our resolution of the case makes it unnecessary to consider the other allegations of error made by appellant.

Vacated and remanded with directions.