**Joseph ASPARRO**

v.

**UNITED STATES of America.**

Civ. No. 15237.

United States District Court,
D. Connecticut.

Jan. 23, 1973.

Joseph Asparro, pro se.

Stewart H. Jones, U. S. Atty., Barry J. Cutler, Asst. U. S. Atty., New Haven, Conn., for respondent.

RULING ON PETITION FOR A REHEARING WITH RESPECT TO PETITIONER'S MOTION TO VACATE SENTENCE

ZAMPANO, District Judge.

On April 28, 1969, Chief Judge William H. Timbers, now Circuit Judge, sentenced the petitioner to imprisonment for a term of eight years and fined him $10,000 after his conviction by a jury on a charge of interstate transportation of stolen securities. On March 5, 1971, the petitioner's conviction was affirmed in open court by the Court of Appeals for the Second Circuit.

The petitioner's subsequent motions, pursuant to 28 U.S.C. § 2255 and § 1915,

were assigned by Judge Timbers to Magistrate Arthur H. Latimer of this District with directions "to review the said motions in the light of the response and traverse of the respective parties and to submit a recommended memorandum of decision for review by a Judge of the District Court, such recommended memorandum of decision to indicate whether or not a hearing is required and, if not, whether petitioner's motions should be granted or denied." Asparro v. United States, Civil No. 15,237, Order Assigning Pending Motions To Honorable Arthur H. Latimer, United States Magistrate, dated September 22, 1972 (Timbers, J.)

Magistrate Latimer thereupon fully and conscientiously examined the voluminous records of the criminal proceedings, thoroughly considered the issues raised by the petitioner, and, in a comprehensive recommended memorandum of decision, concluded that "the proposed collateral proceeding is . . . without merit." Asparro v. United States, Civil No. 15,237, Memorandum of Decision On Petitioner's Motion To Vacate Sentence, dated October 30, 1972. This Court, in turn, carefully reviewed the Magistrate's well-reasoned opinion, adopted his findings and conclusions of law, and "So Ordered" his Memorandum of Decision.

The petitioner's present "Motion For Rehearing" calls into question Judge Timbers' original delegation of the matter to Magistrate Latimer, and challenges this Court's power to adopt the Magistrate's findings without a *de novo* consideration of the record and moving papers.

This Court is of the firm opinion that Magistrate Latimer acted pursuant to the authority legislated in the Federal Magistrates Act which provides in pertinent part that a district judge may assign duties to a magistrate which include "preliminary review of applications for post-trial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing." 28 U.S.C. § 636(b)(3) (1970).

Under the rules promulgated by the judges of this District under the Federal Magistrates Act, our full-time Magistrate has been given broad latitude to make findings and recommendations in pretrial civil areas (motions to dismiss, discovery applications, summary judgment petitions and related matters) and post-conviction collateral attack proceedings. He has been of immeasurable assistance to the judges and has gained a respected reputation with the bar for competence, impartiality and reasoned judgment. His consideration of hundreds of matters has made an incalculable contribution to the administration of justice in this District.

While it is true that judicial districts do differ in their use of the magistrate as a laboring oar in the federal system, and at least one Court of Appeals has disapproved the use of "special masters" to preside in habeas corpus evidentiary hearings,[1] this Court is convinced that the authority given to Connecticut's Magistrate to review post-trial petitions neither violates any constitutional or statutory standards nor usurps the power of the district judges. Upon receipt of the Magistrate's recommended opinions, the district judge must review his evaluations and is free to accept, reject, or modify his findings of fact and conclusions of law. Moreover, any party to a controversy heard by the Magistrate may, unless there is a written waiver, appeal to the district judge for a reconsideration of the Magistrate's decision even after it has been "So Ordered" by the judge. In the instant case this

1. The principles enunciated by the Sixth Circuit in Green v. United States, 445 F. 2d 847 (1971) and Payne v. Wingo, 442 F.2d 1192 (1971) relate to the use of "special masters" and not duly authorized Federal Magistrates to conduct evidentiary hearings in habeas corpus proceedings, after they have determined the necessity of such a hearing; thus, these cases are clearly distinguishable from the instant case.

Court has reexamined the prior determination to dismiss and finds no reason to depart from its prior order.

A recent opinion filed by the Court of Appeals for the Third Circuit is precisely in point. In Henderson v. Brierley, 468 F.2d 1193 (3 Cir., 1972), the court rejected a challenge to a magistrate's power to consider the merits of a habeas corpus petition, and sustained the constitutionality of § 636(b)(3) of the Federal Magistrates Act.

Accordingly, it is

Ordered, that the petitioner's motion for a rehearing be, and the same is, hereby denied.