Adolphus BELL and Leola M. Bell

v.

Caspar W. WEINBERGER, Secretary,
Health, Education and Welfare.

Civ. A. No. 18865.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 5, 1974.

Adolphus Bell, pro se.

Benjamin W. Spaulding, Spaulding, LaSonde & Assoc., Atlanta, Ga., for plaintiffs.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Asst. U. S. Atty., Carl H. Harper, Regional Atty., Dept. of HEW, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This action was instituted by the plaintiff, Adolphus Bell, to obtain judicial review of a decision by the Secretary of Health, Education and Welfare, holding that his sister, plaintiff Leola Bell, was not entitled to child's disability insurance benefits under section 202(d) of the Social Security Act [1] and that he was not entitled to the payment of interest on child's insurance benefits determined to be due him under section 202(d). [2] Pursuant to Local Court Rule 290 this matter was submitted to the United States Magistrate for initial re-

---

1. 42 U.S.C. § 402(d).

2. *Id.* Plaintiff brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain court review of the "final decison" of the Secretary of Health, Education and Welfare finding that

the initial determination to discontinue plaintiff Leola Bell's child's benefits cannot be reopened and that plaintiff, Adolphus Bell, is not entitled to the payment of interest on his benefits determined to be due retroactively. The Court does not reach the merits of this question in this Order.

view and a report and recommendation.[3] The Secretary, by motion, has objected to the propriety of this reference. The objection is raised pursuant to an order of the Attorney General directing the legal divisions of the Department of Justice to object to the designation of a magistrate under certain circumstances.[4] Title II cases, specifically those arising under 42 U.S.C. § 405(g), have been designated as one of the type of cases to which the Attorney General's order applies. In the framework of this objection, the motion raises the question of whether a reference to a magistrate of an action to review an administrative determination for a report and recommendation is an unconstitutional delegation of authority to a non-Article III officer.

In order to relieve to some extent the workload of federal district courts, Congress enacted the Federal Magistrates Act of 1968.[5] This enactment reflected an effort by Congress to deal effectively with the congestion generated by the unprecedented increase in federal litigation. Importantly, the provisions invested magistrates with jurisdiction over petty criminal matters,[6] but the act also had another purpose—to enable the magistrates to relieve the courts of some of their civil workload.[7] It was hoped by Congress that such "upgrading" of the office of magistrate would foster the fairer administration of justice which results from a less crowded docket.[8]

The Federal Magistrates Act of 1968 provides in section 636(b) that a district court may assign to the magistrate:

[S]uch additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

(1) Service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;

(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and

(3) preliminary review of applications for posttrial relief . . . .

It is pursuant to these provisions that Local Court Rule 290 was adopted in this district.

Notwithstanding what appears to require an expansive reading, several courts have adopted a restrictive view of the magistrate's power under the Act. *Compare* Ingram v. Richardson, 471 F. 2d 1268 (6th Cir. 1972), *with* Givens v. Grant, 457 F.2d 612 (2d Cir.), vacated and remanded on other grounds, 409 U. S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266

---

3. The full text of Local Court Rule 290 is attached as "Appendix A." Local Court Rule 290 provides in part:
   The United States Magistrates . . . shall perform the following additional duties:
   291.31 Administrative Appeals. Review and submit a report and recommendations on the following types of cases which come before the court on a developed administrative record:
   291.311 [A]ctions to review administrative determinations under the Social Security Act and related statutes . . . .

4. The Attorney General's Regulation, 28 CFR § 50.11 (1973), concludes as follows:
   It appears that there is an increasing use by district judges of special masters for purposes involving the abdication of judicial decision-making authority forbidden by the Constitution or in contravention of Rule 53(b). The Department of Justice should take a firm position in opposition to this practice. I therefore direct the legal divisions of the Department not to agree to the designation of a Magistrate as a special master whenever they conclude that such designation would be in contravention of the Constitution or Rule 53(b).

5. 28 U.S.C. §§ 631–639. Prior to the enactment of this statute many of the magistrate's functions were performed by federal commissioners.

6. 28 U.S.C. § 636(a).

7. 28 U.S.C. § 636(b).

8. *See* Comment, An Adjudicative Role for Federal Magistrates in Civil Cases, 40 U. Chi.L.Rev. 584, 585 (1973).

(1972), *and*, Murphy v. Weinberger, C. C.H. Unempl.Ins.Rep. ¶ 17,608, at 2153 (D.C.Conn.1974). This variety of opinion concerning the magistrate's power appears to be the result of the limiting decision in LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). In *LaBuy,* the Supreme Court considered the meaning of "exceptional circumstances" for reference purposes under rule 53(b) of the Federal Rules of Civil Procedure.[9] The case involved two complex private anti-trust lawsuits under the Sherman Act and Robinson-Patman Act. Extensive preliminary matters were heard by District Judge LaBuy, but because of the prolonged trial time involved, he referred the case to a special master. His congested trial calendar was cited as the reason. The parties objected and the court of appeals issued a writ of mandamus ordering the reference vacated. The issuance of the writ was upheld by the Supreme Court, finding that no "exceptional circumstances" within the meaning of rule 53(b) existed. Court congestion, complexity, and extended length of trial time were found not to constitute an exceptional circumstance.

The *LaBuy* decision was considered during the Congressional hearings on the adoption of the United States Magistrate Act. During the discussion of the provision prohibiting assignments or delegations to magistrates that are "inconsistent with the Constitution and laws of the United States," 28 U.S.C. § 636(b), it was noted:

> This . . . requirement was added as a clarification . . . . In particular, rule 53(b) provides that a reference to a master shall be the ex-

ception and not the rule . . . . These conditions, which in essence reflect the rule laid down by the Supreme Court in LaBuy v. Howes Leather Company, 352 U.S. 249 [77 S.Ct. 309, 1 L.Ed.2d 290] (1957), protect against any abdication of the decisionmaking responsibility that is properly that of the district courts.[10] It should be observed that in *LaBuy*, the judge "referred both suits to a master on the general issue." [11] This justified the Supreme Court in finding that "the use of masters is 'to aid judges in the performance of specific judicial duties . . . .' not to displace the Court." [12] Such wholesale delegation was found to amount " . . . to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." [13]

In TPO, Inc. v. McMillen, 460 F.2d 348 (7th Cir. 1972), a more recent decision limiting the civil power of magistrates, defendants' motion for a summary judgment was referred to a magistrate. Relying upon the rationale presented in *LaBuy*, the Seventh Circuit stated:

> [M]agistrates have no power to decide motions to dismiss or motions for summary judgment, both of which involve ultimate decision making . . . . [T]he order of reference . . . "amounted to little less than an abdication of the judicial function . . . ." [14]

The *TPO* decision borrowed the "abdication of the judicial function" concept from *LaBuy*—a master's case—thus also incorporating its restrictions. *Cf.* Fed.

---

9. Fed.R.Civ.P. 53(b) provides in part:
    A reference to a master shall be the exception and not the rule . . . . [I]n actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.
    For other cases interpreting this provision, *see* C. Wright & A. Miller, Federal Practice and Procedure ¶ 2605, at 787 (1971).

10. S.Rep. No. 371, 90th Cong., 1st Sess. 25–27 (1967).

11. 352 U.S. at 256, 77 S.Ct. at 313.

12. *Id.*, quoting, Ex Parte Peterson, 253 U.S. 300, 312, 40 S.Ct. 543, 547, 64 L.Ed. 919 (1920).

13. 352 U.S. at 256, 77 S.Ct. at 313.

14. 460 F.2d at 359.

R.Civ.P. 53(b). Such action indicates a policy against reference of any judicial function to non-Article III tribunal.

The policy considerations against reference were extended in Ingram v. Richardson, 471 F.2d 1268 (6th Cir. 1972), a Social Security case urged as support for the present motion before the Court. In *Ingram,* an appeal of a Social Security administrative decision was referred to the magistrate for his report and recommended decision. On appeal the Sixth Circuit, relying upon *LaBuy,* found the reference to be a "delegation of the judicial function to a [m]agistrate, which was not authorized by statute." [15] Implicit in this ruling is that (1) references are found solely on 28 U.S.C. § 636(b)(1), authorizing a magistrate's "service as a special master in an appropriate civil action, pursuant to" Fed.R.Civ.P. 53, and (2) that the Act intended to incorporate its restraints. This Court cannot agree with either of these views. It is clear from the wording of the Act that the magistrate's power is much broader. His power includes the discharge of the district court's "duties as are not inconsistent with the Constitution and laws of the United States." These duties "may include, but are not restricted to" serving as a special master and "assistance to a district judge in the conduct of pretrial or discovery proceedings . . . ." 28 U.S.C. § 636(b). These delegations certainly were intended to accomplish more than the typical rule 53(b) assignment. In the present case the reference was made for the purpose of a report and recommendation only. The magistrate is not designated a special master and performs no fact finding

functions as found in *LaBuy* or *TPO, Inc.,* but only reviews the evidence to aid the Court in determining whether the findings of the Secretary are supported by "substantial evidence." *See* O'Brien v. Finch, 415 F.2d 802 (5th Cir. 1969); *Cf.* 42 U.S.C. § 405(g). This report, recommendation, and the entire record of all proceedings at the administrative stages are then available for this Court's independent review.[16] A reference to a special master under the provisions of Fed.R.Civ.P. 53 is totally different from the procedure followed under Local Court Rule 290. Under rule 53(e)(2) "[i]n an action to be tried without a jury the court *shall* accept the master's findings of fact *unless clearly erroneous.*" (emphasis added). In the procedure here in issue, the Court is not bound by the report and recommendation of the magistrate. It is merely an administrative assistance to the Court. The Court fails to find such a procedure to be an abdication of its judicial function.

Analogy with this reference procedure is found in the provisions of section 636(b)(3) of the Magistrates Act whereby the district court can assign magistrates the duty of "preliminary review of applications for posttrial relief . . . and submission of a report and recommendations . . . ." [17] In United States ex rel. Henderson v. Brierley, 468 F.2d 1193 (3rd Cir. 1972), where this procedure was used, a state prisoner appealed from the district court's denial of his petition for a writ of habeas corpus. In response to a challenge to the constitutionality of section 636(b)(3) the court of appeals stated:

[T]he district judge is free, after review, to accept, reject, or modify any

---

15. 471 F.2d at 1270.

16. Any assertion that review by this Court is not independent, but a mere "rubber stamping" of the magistrate's recommendation is without merit. In this regard, see Ford v. Richardson, Civ. No. 17023 (N.D.Ga. June 25, 1973) and Milner v. Richardson, Civ. No. 16186 (N.D.Ga. Sept. 27, 1972), where this Court upon review of the record did not fol-

low the recommendation of the magistrate. Also, in Printup v. Richardson, Civ. No. 2364 (N.D.Ga. June 28, 1972), the recommendation of the magistrate was followed but for different reasons. These cases are not exhaustive, for this Court reviews all reports and recommendations and makes its own independent judgment.

17. 28 U.S.C. § 636(b)(3).

of the magistrate's findings or recommendations. Consequently, the power given to and exercised by the magistrate neither usurps the power of the district court in making the ultimate determination as to whether an evidentiary hearing should be held nor unconstitutionally delegates judicial power to a non-Article III officer.[18]

*See also* Asparro v. United States, 352 F.Supp. 1085 (D.Conn.1973); *cf.* Talavera v. Wainwright, 468 F.2d 1013 (5th Cir. 1972).

A recent decision, Murphy v. Weinberger, C.C.H.Unempl.Ins.Rep. ¶ 17,608, at 2153 (D.C.Conn.1974), has also rejected the Attorney General's view of the propriety of the present reference procedure in Social Security cases. As in the present case, a reference was made to the magistrate of a "final decision" of the Secretary of Health, Education and Welfare. Rejecting the rationale of *Ingram*, the Court found:

> [T]he government's position [is] . . . a narrow interpretation of the scope of the Federal Magistrates Act. At bottom, the Justice Department is evidently voicing a constitutional concern over excessive delegation of authority to magistrates amounting to an abdication of the judges' Article III powers and responsibilities . . . . As in the instant action, the decision on depositive motions is not here left to the magistrate but wholly reserved to the judge upon review of the magistrate's recommendations of law in the light of the record and papers on file . . . .[19]

The foregoing makes it clear that a magistrate's civil jurisdiction includes only such "duties as are not inconsistent with the Constitution and laws of the United States,"[20] and that section 636(b) cannot be read in derogation of the responsibility of judges to decide those cases which are before them. It is the opinion of this Court that the present reference procedure does not fall within these prohibitions. Contrary to the situations questioning this procedure, this Court independently reviews and decides each Social Security appeal. The magistrate makes neither findings of fact nor binding conclusions based thereon. There is no abdication of judicial function present in this procedure —but rather a full consideration of each case with enlightenment from the magistrate. Accordingly, the motion of the defendant opposing assignment to the magistrate pursuant to Local Court Rule 290 is denied.

## APPENDIX A

### Rule 290

### MAGISTRATE DUTIES

291.1 Duties. All United States magistrates shall perform the duties prescribed by 28 U.S.C. 636(a)(1) and (2).

291.2 Trial Jurisdiction. The United States magistrates maintaining official stations at Atlanta, Gainesville, Newnan, and Rome are each specifically designated to try persons accused of, and sentence persons convicted of, minor offenses as defined by 18 U.S.C. 3401. In connection therewith there is attached hereto as Appendix C a rule and schedule prescribing the procedure and offenses for which collateral may be posted and forfeited in lieu of appearance by the person charged.

291.3 Additional Duties. The United States magistrates maintaining official stations at Atlanta, Gainesville, Newnan, and Rome shall perform the following additional duties:

> 291.31 Administrative Appeals. Review and submit a report and recommendations on the following types of cases which come before the court on a developed administrative record:
>
> > 291.311 actions to review administrative determinations under the

---

18. 468 F.2d at 1195.

19. C.C.H.Unempl.Ins.Rep. ¶ 17,608 at 2156.

20. 28 U.S.C. § 636(b).

Social Security Act and related statutes;

291.312 actions to review the administrative award of licenses and similar privileges; and

291.313 Civil Service cases involving such matters as adverse action, retirement questions, and reductions in force.

291.32 Narcotic Addict Cases. Review petitions and submit recommendations to the court in civil commitment cases arising under Title III of the Narcotic Addict Rehabilitation Act of 1966.

291.33 Civil Cases.

291.331 subject to the approval of the Chief Judge, serve as a special master in appropriate civil actions pursuant to the applicable provisions of Title 238, United States Code, and the Federal Rules of Civil Procedure;

291.332 subject to the approval of the Chief Judge, assist the district judges in the conduct of pretrial or discovery proceedings in civil or criminal actions; and

291.333 subject to approval of the Chief Judge, conduct research for the court in specific areas of the law or on individual projects.

291.34 Habeas Corpus. Subject to the approval of the Chief Judge, review applications for posttrial or other relief made by individuals convicted of criminal offenses, make such orders as are necessary to obtain appropriate information which may be of assistance in determining the merits of any complaint, and submit report and recommendations thereon to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing.

291.35 Miscellaneous.

291.351 Administer the Court's Criminal Justice Act Plan, by supervising attorney lists, appointing attorneys and examining vouchers, and

291.352 Coordinate the court's efforts in such fields as rules and procedures, facilities and arrangements, or post-conviction matters.

291.36 Perform such other duties as may be assigned by the Court.

291.37 The Appendix B attached hereto is hereby designated as the rules of procedure for trial of matters before the magistrates of this Court insofar as not otherwise specified in these rules.

291.4 Warrants Of Removal. Pursuant to the provisions of Rule 40(b)(5), Federal Rules of Criminal Procedure, as amended, and in accordance with the Provisions of 28 U.S.C. 636(b), Warrants of Removal under subdivision (b)(3) of Rule 40, Federal Rules of Criminal Procedure, as amended, may be issued by United States magistrates for this district.