Walter TRICE, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. C 74-1025 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 26, 1975.

---

David A. Webster, Atlanta, Ga., for plaintiff.

Carl H. Harper, Jerry J. Wall, Asst. Regional Attys., Dept. of HEW, Atlanta, Ga., for defendant.

ORDER

HILL, District Judge.

This is an action to review a determination by the Secretary of Health, Education and Welfare that plaintiff is not entitled to the establishment of a period of disability or to disability insurance benefits under Section 216(i) and 223 of the Social Security Act. 42 U.S.C. § 416(i) and 423. This Court's jurisdiction is invoked pursuant to Section 205(g) of the Act. 42 U.S.C. § 405(g).

On September 25, 1972, plaintiff filed an application for disability insurance benefits, alleging that he had been disabled since July 26, 1971, when a refrigerator fell on his back at work.

On November 6, 1972, his application was denied by the Bureau of Disability Insurance on the grounds that he was not disabled within the meaning of the Act. He filed a timely request for reconsideration; and, on July 23, 1973, the Bureau reaffirmed its previous order. A timely request for a hearing before an Administrative Law Judge was made, and a *de novo* hearing was conducted on October 24, 1973, with plaintiff, plaintiff's wife, and a vocational expert called by the Administrative Law Judge, testifying.

The Administrative Law Judge's adverse decision was rendered on November 9, 1973. A timely request for review by the Appeals Council followed; and a brief, together with affidavits from plaintiff and his wife, were submitted with the request to the Appeals Council. The Appeals Council, on March 26, 1974, affirmed the decision of the Administrative Law Judge, basing its decision on the transcript of the hearing and the additional matters set forth in the affidavits submitted to it by plaintiff. This decision became the final de-

cision of the Secretary and a timely request for judicial review followed.

Both plaintiff and the Secretary have filed with this Court motions for summary judgment. The entire record, including briefs from both plaintiff and the Secretary, was submitted to United States Magistrate Joel M. Feldman to submit a report and recommendations to the Court. Bell v. Weinberger, 378 F. Supp. 198 (N.D.Ga., 1974); 28 U.S.C. § 636(b)(2); Local Court Rule 290. The Magistrate, in a detailed report, has recommended that the Secretary's decision be reversed, and "the cause [be] remanded with directions to find the claimant disabled."

While the Court substantially concurs in the Magistrate's recommendations, it feels the case should be remanded for the taking of further evidence on the question of the extent of plaintiff's disability as of June 30, 1972, and the ability of plaintiff to engage in any substantial gainful activity on that date. 42 U.S.C. § 405(g); Kerner v. Flemming, 283 F.2d 916 (2d Cir. 1960). *See also,* Byrd v. Richardson, 362 F.Supp. 957 (D.S.C.1973); Roman v. Secretary of Health, Education and Welfare, 355 F.Supp. 646 (D.P.R.1972).

The Secretary has determined, and it is not controverted, that plaintiff meets the insured status requirements through the quarter ending June 30, 1972. Therefore, on the basis of his application, plaintiff must establish that he was under a disability which commenced prior to June 30, 1972, when he last met the special insured status requirements.

The Court finds that there is not substantial evidence in the record to support the Secretary's decison that claimant was not disabled as of the cut-off date. But neither is there substantial evidence in the record to show that he was disabled. Further inquiry as to plaintiff's physical condition and his residual capacity for work is necessary and proper in order to determine if he is entitled to benefits.

This Court cannot re-weigh the evidence as presented in the record, but rather, it can simply determine whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1970). Cases which are not supported by substantial evidence are unusual. Gaultney v. Weinberger, 505 F.2d 943 (5th Cir. 1974). It appears here, however, that the Secretary has failed to resolve apparent ambiguities in medical evidence, based his decision upon an expert opinion which was based upon hypothetical facts that are not supported by the record, and failed to consider all elements of proof together and in combination with each other.

The Fifth Circuit Court of Appeals stated in DePaepe v. Richardson, 464 F. 2d 92, 94 (5th Cir. 1972),

". . . that there are four elements of proof to be considered in determining whether a claimant is disabled within the meaning of the Social Security Act, and these are: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by his wife, other members of his family, his neighbors and others who have observed him; and (4) the claimant's age, education and work history. A fair and conscientious consideration of all of these elements of proof should furnish an examiner with a comprehensive and adequate method of determining whether or not a claimant is disabled within the meaning of the Act in most cases, . . . .. It is obvious that *all* of these elements of proof must be considered together and in combination with each other, and not just one or two with the others excluded."

Looking at the four elements set out in *DePaepe,* the Court finds that the great bulk of the objective medical evi-

dence is either illegible or so poorly reproduced that the Court cannot read it. The only medical evidence that shows the extent of plaintiff's disability is contradictory. The record shows that plaintiff was examined by Dr. Henry F. Shorter on June 1, 1973, and he concluded that plaintiff was permanently disabled. (TR–129) However, a letter written by Dr. Shorter to plaintiff's attorney on October 17, 1973, states that plaintiff was not permanently disabled, and his disability could be improved with treatment. (TR–136) No attempt was made by the Administrative Law Judge to reconcile these conflicting reports, even though he had the power and the duty to do so. (See Special Master's report, Fn. 3). There is no other medical testimony that dealt in any illuminating fashion with the plaintiff's ability to work. There is no real attempt to demonstrate the extent of plaintiff's impairment on June 30, 1972, or his residual capacities on that date. The Administrative Law Judge did not receive any expert testimony as to whether plaintiff was disabled as defined by the Act on June 30, 1972.

The record does show that both plaintiff and his wife testified that prior to June 30, 1972, plaintiff was suffering from extensive pain due to his disabilities. Much of this testimony, though, deals with plaintiff's present health, and there is not a strong distinction drawn between the extent of this disability before or after the crucial cut-off date.

■ While it is within the authority of the Secretary, through the Administrative Law Judge, to determine the credibility of witnesses, he must consider this subjective evidence in connection with the other evidence available. De-Paepe v. Richardson, *supra*. The subjective evidence does not necessarily take precedence over conflicting objective medical testimony. Gaultney v. Weinberger, *supra*. But in the instant case there is no objective medical evidence of the extent of plaintiff's disability on June 30, 1972.

■ Finally, under *DePaepe,* the Secretary must consider the claimant's age, education, and work history, in order to determine his residual capacity. An effort at doing this was attempted by the use of expert testimony from a vocational expert. That expert testified that if plaintiff were as disabled as he claims on June 30, 1972, then, in the expert's opinion, there was no job in which plaintiff could be gainfully employed. The Administrative Law Judge then asked the expert and he replied:

"Q. Now, Dr. Kelly, assuming that Mr. Trice on or before June 30, 1972, was able to sit for periods of up to four hours and to alternate his sitting and standing. He was also capable of manipulating his hands to the extent that he was able to handle small light items. In that (sic), opinion, would there be any type of employment which he could effectively perform on a sustained basis?

A. Yes, there would be a whole range of—of jobs that would be considered light and sedentary available to him, primarily available in the bench work industry or in the assembly industry."

■ Based primarily on the vocational expert's answer to this question, it was determined that plaintiff possessed a residual capacity for work which existed in the community. The Court can find, however, no evidence in the record to support the facts given in the hypothetical. "Opinion evidence without any support in the . . . physical facts, is not substantial evidence. Opinion evidence is only as good as the facts upon which it is based." Washington v. United States, 214 F.2d 33, 43 (9th Cir. 1954); cert. denied 348 U.S. 862, 75 S. Ct. 86, 99 L.Ed. 679 (1954). Since the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that plaintiff has a residual working capacity is worthless.

United States v. Cooper, 277 F.2d 857 (5th Cir. 1960).

As observed by the Magistrate, the burden is upon plaintiff to establish that he is disabled from performing his usual work. This the Secretary found to be the case. Once plaintiff carries this burden, the Secretary is charged with showing that plaintiff is not precluded from engaging in substantial gainful work considering the claimant's age, education, and work experience. In other words, the Secretary must show plaintiff's residual capacity for work, notwithstanding his impairment. Rosin v. Secretary of Health, Education and Welfare, 379 F.2d 189 (9th Cir. 1967); Kirby v. Gardner, 369 F.2d 302 (10th Cir. 1966); Parfenuk v. Flemming, 182 F.Supp. 532 (D.Mass.1960). Because the only proof of plaintiff's residual capacity for work was based upon a faulty assumption, the Secretary did not carry his burden.

The Court finds that, rather than proving that plaintiff is or is not entitled to disability payments, the record merely shows that there is a great need for additional evidence. The ambiguity between Dr. Shorter's two statements should be resolved, evidence should be elicited that would show the extent of plaintiff's disability on June 30, 1972, and expert testimony should be taken based upon plaintiff's actual ability to perform work as of the cut-off date.

In a different vein, the Magistrate found that plaintiff was denied due process because the Administrative Law Judge improperly restricted plaintiff's attorney in his cross-examination of the expert witness. In light of the decision to remand for the taking of further evidence, and the fact that the expert's opinion is not valid as it is based upon a faulty hypothetical question, the Court does not feel that it is necessary to reach this question. It should be observed, however, that the Administrative Law Judge himself stated at the beginning of the hearing that "[t]he hearing will be conducted in a relatively informal manner and the strict rules of evidence in court proceedings are not applicable." (TR–29–30). Since there is no jury present that could be prejudiced by the taking of improper testimony, plaintiff should be granted wide latitude in cross-examining witnesses. The record indicates that, contrary to the prelude statement of informality, the Administrative Law Judge held plaintiff's counsel to such strict evidentiary standards that relevant testimony was probably excluded. Any questionable opinion testimony could be evaluated or, if proper, disregarded when the Administrative Law Judge reviews the record before making his decision.

In conclusion, pursuant to § 205(g) of the Social Security Act, this action is remanded to the Secretary of Health, Education and Welfare to attempt to reconcile conflicts and deficiencies in the record and for a further development of the facts. 42 U.S.C. § 405(g). As indicated in this order, this review is limited to the taking of additional evidence as to plaintiff's residual work capacity as of June 30, 1972, as shown by his true educational level and the extent of his disability. Provided, however, should the Secretary fail to conduct such a hearing and make appropriate findings within one hundred and twenty (120) days from the date of this order, then he is directed to find that plaintiff is disabled within the meaning of the Social Security Act, and to enter his decision to that effect.

It is so ordered.