**Lawrence R. ARMSTRONG, Plaintiff,**

v.

**Elliot RICHARDSON, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. No. 71-193.**

United States District Court,
E. D. Oklahoma,
Civil Division.

June 2, 1972.

Clyde Stipe, McAlester, Okl., for plaintiff.

R. A. Pyle (U. S. Atty.), Muskogee, Okl., John M. Stokes, Regional Atty., HEW, Charles B. Rose, HEW, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

DAUGHERTY, Chief Judge.

Plaintiff Armstrong (Claimant) seeks review by this Court of the Defendant's denial of disability benefits under 42 U. S.C.A. § 423 to which he claims he is entitled. Claimant's claim was initially denied by a Hearing Examiner, whose decision was affirmed by the Appeals Council. The basis of the Defendant's denial of Claimant's claim was that the evidence does not establish that he was under a disability as defined by 42 U.S. C.A. § 423 and that he can engage in existing substantial gainful employment. The Claimant's position is that such finding is arbitrary, capricious and unsupported by the evidence.

The only question this Court may consider in this case is whether such denial of disability benefits to the Claimant is

supported by substantial evidence. 42 U.S.C.A. § 405(g). Gardner v. Bishop, 362 F.2d 917 (Tenth Cir. 1966).

At the time of the hearing the Claimant was 48 years old. He completed the sixth grade. Later, he attended a welding school. Claimant was employed by a school system for approximately twelve years as a mechanic, maintaining the school buses and driving a school bus. After his normal work day, he did plumbing, electrical and maintenance work, drove a truck, and mowed lawns. He knew enough about plumbing and electrical work to rough jobs in. Claimant thereafter was employed at different times by Arrowhead State Park, maintaining five trucks, two tractors, golf carts and mowers. In the evenings, he repaired cars.

Claimant's complaints are lung, kidney and back trouble and a double hernia.

A report of the Veterans Administration, of their examination on September 9, 1970, indicated (1) Distant breath sounds in the chest (2) Bilateral inguinal hernia. The diagnoses were emphysema, mild and scoliosis lumbar spine.

In the Medical Report of September 9, 1970, Dr. Charles Mitchell found: (1) X-rays show increased density in middle and lower lobe of right lung and small tenting of diaphragm. (2) Urinalysis negative. His diagnosis was emphysema.

In the letter of October 8, 1970, Dr. L. O. Laughlin, specialist in internal medicine and renal diseases, reported: (1) Claimant has bilateral, direct, inguinal hernias, mild, more significant on the right. (2) X-rays, AP and lateral of the lumbar spine were found to be essentially normal. (3) X-rays were compatible with chronic bronchitis and emphysema. He did not feel that the latter was clinically disabling.

Dr. Robert F. Redmond, specialist in internal medicine, who examined Claimant on November 23, 1970, reported: (1) Muscle spasm and limitation of motion in the lumbar region, which symptoms and findings are aggravated by effort to increase the range or speed of motion in the lumbar region. (2) He has a direct inguinal hernia on the left with enlargement of the ring and a tussal impulse on the right. (3) The X-rays show an increase in the fibro-vascular markings in the lung fields bilaterally. Dr. Redmond reported that he has marked limitation for performing ordinary tasks due to his low back condition, which is related to an aggravated congenital anomaly. He also reported pulmonary emphysema and fibrosis which cause a very significant limitation in his activities.

A report of the Veterans Administration, covering Claimant's examination on February 22, 1971, indicated the following diagnoses: (1) Emphysema (2) Inguinal hernias, bilateral (3) Osteoarthritis of the cervical and lumbar areas of the spine (4) Chronic lumbar strain.

The Hearing Examiner found that the Claimant was not totally disabled and such finding is supported by substantial evidence as set out above. However, the Hearing Examiner found that the Claimant could not engage in his previous work and was at least partially disabled, for he states that Claimant "retained" the capacity to do certain work which is of a less strenuous nature than that which the Claimant formerly performed.

Where a claimant is not found to be physically disabled in any degree, no finding of his physical ability to engage in substantial gainful employment need be made. Gray v. Secretary of Health, Education and Welfare, 421 F.2d 638 (Fifth Cir. 1970); Carden v. Gardner, 352 F.2d 51 (Sixth Cir. 1965). But where a claimant is found to be partially disabled, though not to such degree as would entitle him to disability benefits, it is necessary to also determine what physical capabilities are retained by the claimant, what jobs they permit him to perform and that there is a reasonable availability or existence of such jobs for claimant. Gardner v. Brian, 369 F.2d

443 (Tenth Cir. 1966) as modified by 42 U.S.C.A. § 423(d)(2)(A).

 The Hearing Examiner found that Claimant retained the physical capacity to engage in work activities such as full time work at a grocery store, either as a cashier, clerk, or sacker, or light to medium types of maintenance or janitor work.[1] However, there is no evidence in the Record, by a vocational expert or other competent witness, as to the Claimant's capabilities for handling these positions or that they are in existence or reasonably available to him.

In a "partial disability" case it is necessary that the Hearing Examiner have before him evidence from a competent source that the Claimant by reason of age, education, work experience and physical capacity is in fact able to perform the work enumerated by the Hearing Examiner. Gardner v. Earnest, 371 F.2d 606 (Fourth Cir. 1967); Edwards v. Celebrezze, 220 F.Supp. 79 (D.C.S.C.1963). Then, it is necessary that the Hearing Examiner have evidence before him that the work, which the claimant can perform, is in fact in existence or reasonably available to him under the applicable tests. The test of the availability of jobs to a claimant as announced in the Tenth Circuit is " 'reasonable availability' of jobs within the geographical areas which the claimant would normally be expected to consider if regularly in the labor market." Gardner v. Brian, *supra* quoting and citing Celebrezze v. Kelly, 331 F.2d 981 at 982 (Fifth Cir. 1964). This test is believed to have been slightly modified in 1968 by 42 U.S.C.A. § 423(d)(2)(A) which provides that such work must exist in significant numbers either in the region where the claimant lives or in several regions of the country.

Under these circumstances Defendant's Motion for Summary Judgment should be denied and the case must be remanded for receipt of further evidence as to Claimant's capability to perform specific jobs different from his previous work and whether these jobs are in existence or reasonably available to him under the above tests.

---

1. Implicit in this finding is the conclusion that the Claimant was unable to perform his previous work. Once a claimant has shown inability to perform his previous work or usual vocation, the burden falls on the Secretary of Health, Education, and Welfare to show what work he can do and the existence or reasonable availability of such work. Gardner v. Brian, *supra*; 42 U.S.C.A. § 423(d)(2)(A).