Lawrence J. KEATING, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE OF UNITED STATES of America, Defendant-Appellee.

No. 72-1201.

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1972.

Gerald E. Kamins, Tulsa, Okl., for plaintiff-appellant.

Robert M. Feinson, Dept. of Justice, Washington, D. C. (Nathan G. Graham, U. S. Atty., Oklahoma City, Okl., Morton Hollander, Dept. of Justice, Washington, D. C., and Harlington Wood, Jr., Asst. Atty. Gen., on the brief), for defendant-appellee.

Before SETH, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Lawrence J. Keating seeks review of the order of the District Court granting a summary judgment in favor of the Secretary in a proceeding brought to review the denial of his disability social security benefits. 42 U.S.C. § 405(g).

Keating was injured in a car accident on October 25, 1968. He filed an application for disability insurance benefits on December 2, 1968. The Social Security Administration found that his impairments were not of such severity as to prevent him from engaging in substantial gainful employment. 42 U.S.C. § 423(d). On December 3, 1969 a hearing was conducted. The Hearing Examiner ruled that Keating's impairments prevented him from engaging in substantial gainful activity from October 24, 1968 until November 15, 1969. The Appeals Council denied review. The benefits were awarded until January 31, 1971 pursuant to 42 U.S.C. § 416(i)(2)(D). The District Court remanded the case for another hearing which was held on February 8, 1971. The Hearing Examiner determined that Keating had failed to prove any impairment after November 15, 1969. The Appeals Council affirmed. The District Court granted the Secretary's motion for summary judgment.

The record discloses that Keating was fifty-six years old when the accident occurred. He had graduated from high school and attended two years of business college. Before the accident Keating worked as a salesman and manager for a B. F. Goodrich store for 30 years and had operated a gas station for a short period of time. As a result of the accident Keating sustained multiple rib fractures, a dislocated ankle, lacerations about the face, a collapsed lung, a cerebral concussion, damage to his vision, neurological impairment, emphysema and heart damage. Keating claims that these conditions prevent him from being able to work because of shortness of breath and difficulty in standing on his injured foot. He was working as an independent contractor with AA Exterminator Company, supervising the work of his sons, at the time of the rehearing.

Keating contends that: (1) the District Court erred in refusing to remand the case to the Secretary for a rehearing; and (2) the evidence does not support the Secretary's findings.

Keating alleges that the trial court should have vacated the summary judgment and remanded the case for consideration of two medical reports by Dr.

John McDonald. Dr. McDonald's reports stated that Keating could not carry on any work requiring weight bearing, standing or walking. Keating contends that Dr. McDonald's reports, if they had been considered together with the other medical reports, would have established his total disability.

The Secretary's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g); Johnson v. Finch, 437 F.2d 1321 (10th Cir. 1971). In order to qualify for Social Security disability benefits a claimant must establish that he is suffering from a physical or mental impairment of such a severity as to be unable to do his previous work considering his age, education and work experience or engage in other kinds of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2).

Dr. Leonard H. Brown, a plastic surgeon, reported that Keating had received multiple lacerations about the face and scalp. He noted that they were well-healed on December 5, 1968. He later recommended that three of the scars be revised. Dr. Jenkins' report noted X-rays had been taken. The rib fractures were healed. X-rays of the heart and lungs showed no deformities.

Dr. Coates, a neurological surgeon, noted a satisfactory recovery from a cerebral concussion. Dr. Mayoza, an orthopedic surgeon, treated Keating for a dislocated and fractured ankle. He noted that the fractures were healing but that Keating experienced pain and discomfort from his ankle when he walked or stood for a long time. His report stated that the patient's function continues to be impaired due to the severity of the fracture and dislocation of the right ankle. His report also noted that Keating would be unable to stand for long periods of time or walk any significant distance because of pain in the right ankle and that the future prognosis is poor. Dr. Mayoza's opinion, however, was that Keating was disabled only until November 15, 1969.

Dr. John R. Scott, a specialist in occupational medicine, examined Keating on March 19, 1969. He reported stiffness in Keating's right ankle and a moderate pulmonary obstructive disease. He concluded, however, that Keating could work as a salesman on a sustained basis. Dr. Jack W. Newport, an orthopedic surgeon, noted that Keating would have a considerable permanent restriction of motion in his ankle that would result in pain and limping and that he would have traumatic arthritis from the fractures and a moderately severe degree of disability from injuries to his ankle.

The reports of Dr. McDonald were submitted only after Keating had been given two hearings. The District Court had remanded the case once to allow Keating to submit new evidence. The more recent medical reports from Dr. McDonald are cumulative only. The medical evidence introduced disclosed similar disability information. The trial court did not abuse its discretion in denying Keating's motion to vacate its judgment.

Keating alleges that the evidence does not support the Secretary's findings. He contends that the Secretary gave too much weight to Dr. Scott's opinion, and that if Dr. McDonald's reports were considered along with the other medical reports that it would establish that he was totally disabled and unable to work either standing or sitting. He also alleges that the Secretary had the burden of establishing that jobs were available that he could perform in the area where he lived.

Keating has presented no evidence to sustain his position that the Secretary gave more weight to Dr. Scott's report. All of the medical reports, except those from Dr. McDonald, were considered by the Hearing Examiner.

Keating had the burden to establish his inability to perform his previous work as a salesman before the burden shifted to the Secretary to show the reasonable availability of such suitable positions in the geographic area

where he lives. Gardner v. Brian, 369 F.2d 443 (10th Cir. 1966); Kirby v. Gardner, 369 F.2d 302 (10th Cir. 1966). Keating testified that the only work he could do was supervising the work of his sons in exterminating houses. The medical evidence established that his ankle prevented him from walking or standing for a period of time without pain. The Hearing Examiner held that this evidence established that Keating could perform sedentary and light physical work, including many jobs in his previous work as a salesman. Keating did not meet his burden of establishing that he was unable to work as a salesman. Accordingly, the burden did not shift to the Secretary to establish the availability of jobs in the area which he could perform. His impairments were not of such a severity as to prevent him from doing his previous work or any other substantial gainful work considering his age, education, and work experience.

Affirmed.