**Dorothy DICKS, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**No. 74-C-16.**

United States District Court,
N. D. Oklahoma,
Civil Division.

Dec. 23, 1974.

Joseph Bonner, Nowata, Okl., for plaintiff.

Nathan Graham, U. S. Atty., Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff is an applicant for Social Security disability benefits under 42 U.S.C. §§ 416 and 423. Her application has been denied by the Defendant who is the administrator of the Social Security Act. Plaintiff filed her application for disability benefits on October 26, 1972 (Tr. 55–58) alleging that she became disabled on February 8, 1972 when she injured her back in an industrial accident. Her application was denied administratively (Tr. 50–60, 64–65, 97–99) and by an Administrative Law Judge after a de novo hearing (Tr. 6–12). The decision of the Administrative Law Judge became the decision of the Appeals Council and hence the final decision of the Secretary of Health, Education and Welfare (Secretary) when the Appeals Council denied Plaintiff's Request for Review on December 19, 1973 (Tr. 3). Plaintiff has filed this action for judicial review of the Secretary's final decision pursuant to the provisions of 42 U.S.C. § 405(g) within the time limits therein prescribed.

It is Plaintiff's contention that she is disabled by back injuries. The scope of this Court's review authority in this case is narrowly limited by 42 U.S.C. § 405(g). Under the terms of 42 U.S.C. § 405(g) the decision of the Secretary must be affirmed if it is supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury. Rivas v. Weinberger, 475 F.2d 255 (Fifth Cir. 1973); Consolidated Edison Co. v. National L.R.Bd., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). A Social Security disability benefits' claimant has the burden of proving that he is disabled. Trujillo v. Richardson, 429 F.2d 1149 (Tenth Cir. 1970). However, if a claimant shows that he is unable to perform his past occupation due to a medically determinable physical or mental impairment, the burden of proof shifts to the Secretary to come forward with credible evidence which shows that the Claimant is, considering his age, education, and past work history, able to perform some other type of substantial

gainful work. Kirby v. Gardner, 369 F. 2d 302 (Tenth Cir. 1966); Keating v. Secretary of Health, Ed. And Welf. of U. S., 468 F.2d 788 (Tenth Cir. 1972); 22 A.L.R.3d 440, § 3.

It is the uncontroverted testimony of Plaintiff herein that she injured her back on three occasions. She testified that on December 2, 1971 she injured her back when she slipped and fell on ice (Tr. 45). Plaintiff testified that she injured her back while employed in a manufacturing operation on February 8, 1972 (Tr. 33, 47). Finally, Plaintiff testified that she injured her back when she was struck from the rear while driving her automobile on July 16, 1972 (Tr. 47).

Plaintiff's work history reveals that she has assisted her husband who was a pumper on an oil lease (Tr. 29), has worked as a laborer in a frozen food locker (Tr. 30), has also worked as a waitress (Tr. 30–32), and as a laborer in a manufacturing operation (Tr. 32). Plaintiff has an eighth grade education (Tr. 26).

■ The decision of the Administrative Law Judge which has become the final decision of the Defendant is difficult to understand. His decision is that Plaintiff's impairments have not prevented her from engaging in substantial gainful activity for a continuous period of not less than twelve months (Tr. 12). However, at the same time, he seems to say that she is unable to return to any of her previous occupations. He first states that Plaintiff might not be expected to return to her most recently held job in manufacturing (Tr. 8), then he states that she could return to manufacturing (Tr. 11). He states that Plaintiff might be able to return to her previous occupation of being a waitress (Tr. 8), then he states that she could not be expected to carry trays of food from the kitchen to the tables (Tr. 11). The decision is unclear as to whether it is the Administrative Law Judge's determination that Plaintiff is not disabled because she can return to her previous occupation or that she is not disabled because, although she cannot return to her previous occupation, she can perform other types of work which exist in the national economy.

42 U.S.C. § 405(g) reads in part as follows:

"... The court shall have the power to enter, upon the pleadings and transcript of the 'record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for rehearing."

The power to remand granted by 42 U. S.C. § 405(g) has frequently been exercised by Courts to remand cases to the Secretary for the purpose of clarifying the findings upon which his decision rests. See e. g., Santagate v. Gardner, 293 F.Supp. 1284 (D.Mass.1968); Morse v. Celebrezze, 235 F.Supp. 810 (E.D.La. 1964). Accordingly, this case should be remanded to the Secretary for clarification of the findings upon which his decision rests. The Secretary should specify in further administrative proceedings whether (1) it is his decision that Plaintiff is not disabled because she is able to return to her former work, or (2) Plaintiff is not disabled because she is able to do some type of work which exists in the national economy although she is not able to return to her former work or, (3) Plaintiff is disabled because she is neither able to return to her former occupation nor able to do any other work which exists in the national economy. As has been previously stated, if it is the Secretary's decision that Plaintiff is unable to return to her former work but is able to do some other available work, there must be substantial evidence in support thereof contained in the record.

This cause should be remanded to the Defendant for further administrative proceedings consistent with this Order.