**Dewey D. THOMPSON, Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Appellee.**

**No. 77–1008.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1977.

Decided Sept. 28, 1977.

---

James E. Reeves, Caruthersville, Mo., for appellant.

Jean C. Hamilton, Asst. U. S. Atty., St. Louis, Mo. (argued), Barry A. Short, U. S. Atty., on brief, for appellee.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and DEVITT, Chief District Judge.*

HEANEY, Circuit Judge.

Dewey Thompson appeals from the order of the trial court affirming the final determination of the Social Security Administration denying him disability insurance benefits under 42 U.S.C. § 423. We reverse and remand.

Thompson filed an application for disability insurance benefits on October 31, 1974. Benefits were denied initially on January 7, 1975, and again after reconsideration on February 11, 1975. At Thompson's request, a hearing was held before an administrative law judge. Thompson's claim was denied by the administrative law judge on November 14, 1975. Subsequently, the Appeals Council affirmed the opinion of the administrative law judge. Thompson then filed this action in the United States District Court for the Eastern District of Missouri seeking to review the final decision of the Secretary of Health, Education and Welfare. The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the Secretary.

In September, 1974, Thompson was involved in a work-related accident which later necessitated the amputation of his right arm above the elbow in October, 1974. At the time of the accident, he was forty-eight years old. He continues to suffer pain and has not yet adjusted physically or emotionally to the use of a prosthesis. Before the accident, Thompson was totally right-handed. He is now barely able to write his name with his left hand.

He has been unemployed since the accident. In the three or four years prior to the accident, he worked as a dump truck driver. For two and a half to three years prior to the accident, he also worked at night as a watchman for a construction company. His previous work experience included military service as a crew chief on an airplane and working in a maintenance shop performing general repairs, service in the Merchant Marine as a deckhand, farming and work as an unskilled electrician. Thompson has a high school education.

Thompson testified that he has never held any type of gainful employment that did not involve the use of both his arms. He further testified that he could not fully perform his former job as a night watchman because he would be unable to climb on, and inspect, the heavy construction equipment parked at a construction site— something that the job required. In response to a hypothetical question asking him to assume that Thompson was capable of light work,[1] Dr. Thomas Boyd, a voca-

---

* EDWARD J. DEVITT, Chief Judge for the District of Minnesota, sitting by designation.

1. Dr. Thomas Boyd testified that light work, as defined by the Dictionary of Occupational Titles published by the Department of Labor,

tional expert, testified that Thompson "is a man that's not gonna sit still, that he's gonna eventually do something. But right now, he can't, he can't write * * *. There are a very few jobs that he can do, one would be that which he did, a watchman." He further testified that Thompson could be a school crossing guard or function minimally as a radio dispatcher. There is no medical evidence in the record that Thompson could realistically perform the jobs suggested by Boyd at this time.

The claimant has the burden of establishing the existence of a disability as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A) and (2).[2] *See generally* Annotation, *Necessity and Sufficiency of Showing that "Substantial Gainful Activity" is Available to Disability Claimant Under Federal Social Security Act,* 22 A.L. R.3d 440 (1968). However, once the claimant shows a medically determinable disability precluding him from engaging in his former work, the burden of proof shifts to the Secretary to establish that there is some other type of substantial gainful employment that the claimant could have performed within twelve months of his accident. *See, e. g., Brinker v. Weinberger,* 522 F.2d 13, 17 (8th Cir. 1975); *Lund v. Weinberger,* 520 F.2d 782, 785 (8th Cir. 1975); *Stark v. Weinberger,* 497 F.2d 1092, 1098 (7th Cir. 1974). Thompson clearly established that the loss of his right arm precluded him from fully performing his former jobs as a dump truck operator or as a night watchman and, thus, the burden of proof shifted to the Secretary. The only evidence in the record that Thompson could perform other substantial gainful employment is the testimony of Boyd. When read in its entirety, however, the testimony of Boyd is largely prospective—that at some future time, Thompson will be able to perform other employment. Moreover, in two recent Eighth Circuit cases, testimony of vocational experts similar to that received in this case was held insufficient to establish the actual ability of the claimant to realistically perform certain jobs. *Alexander v. Weinberger,* 536 F.2d 779, 784 (8th Cir. 1976); *Brinker v. Weinberger, supra* at 19. In this case, as in *Alexander,* the testimony of Boyd was in response to a hypothetical question asking him to assume that Thompson could perform light work. There is, however, no medical evidence in the record that Thompson could perform light work and, thus, the Secretary has failed to meet his burden of proof.

This is not to say that there will not come a time that Thompson will be able to perform substantial gainful employment when he adjusts to the use of his prosthesis and is better able to use his left arm. Until such time, however, Thompson is disabled within the terms of the Social Security Act and is entitled to appropriate disability insurance benefits from September 14, 1974, the date of his accident.[3]

Accordingly, we reverse and remand this case to the trial court with directions to grant summary judgment in favor of Thompson.

---

involved considerable walking and standing, lifting up to twenty pounds and carrying up to ten pounds. *Alexander v. Weinberger,* 536 F.2d 779, 783 n. 4 (8th Cir. 1976).

**2.** Disability is defined in the Social Security Act as follows:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

    *    *    *    *    *    *

an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]
42 U.S.C. § 423(d)(1)(A) and (2)(A).

**3.** We note that Thompson has received workmen's compensation benefits. Thus, the total amount of disability insurance benefits to which he is entitled must be reduced in accord with 42 U.S.C. § 424a.