**Alice M. VIGIL, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 78–K–622.

United States District Court, D. Colorado.

July 17, 1979.

Joe Louie Romero, Denver, Colo., for plaintiff.

Donald M. Hoerl, Asst. U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

■ This is a suit for judicial review of a final administrative determination by the Social Security Administration, terminating plaintiff's Supplemental Security Income benefits. Supplemental Security Income, at Title XVI of the Social Security Act, provides in relevant part for disability benefits based upon inability to engage in substantial gainful activity, 42 U.S.C. § 1382c(a)(3)(A) (welfare). The administrative decision having become final by reason of the action taken by the Appeals Council in affirming the fair hearing decision of April 27, 1978, the case is here for review pursuant to § 205 of the Social Security Act, 42 U.S.C. § 405. The function of this review is to determine whether the findings of fact of the Secretary of Health, Education and Welfare are based upon substantial evidence on the record as a whole, and inferences reasonably drawn therefrom. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Trujillo v. Richardson,* 429 F.2d 1149 (10th Cir. 1970).

Plaintiff originally filed an application for Supplemental Security Income benefits on July 22, 1974, alleging that she became disabled because of a back injury. Her application was denied initially by the Social Security Administration. On August 6, 1975, following plaintiff's request for reconsideration, the initial determination was upheld. However, these denials were reversed by an administrative law judge who decided that plaintiff met the definition of a disabled individual and that she would be granted benefits as of November 26, 1975. A required periodic review by the Colorado State Agency determined that plaintiff's status as a disabled individual ceased as of March 1977; on March 15, 1977, plaintiff was mailed a notice that benefit payments

would terminate after May 1977. The plaintiff requested a hearing. An administrative law judge decided that plaintiff's medical condition improved, that her disability ceased as of March 31, 1977, and that her entitlement to benefits terminated in May 1977. On April 27, 1978 the administrative law judge's decision became the final decision of the Secretary when it was affirmed by the Appeals Council.

Plaintiff, 49 years-old, completed the eighth grade. Until the time of the accident that caused her back injury, plaintiff performed seasonal farmwork. Plaintiff, who has no vocational training, also has worked as a salesperson, a laundryroom worker and a waitress. As a result of an automobile accident that occurred on August 7, 1973, plaintiff suffered a compression fracture of the seventh thoracic vertebra. Plaintiff's condition was diagnosed as severe kyphosis (an abnormal backward curvature of the spine); there was no neurological injury as a result of the fracture.

In the administrative process, it was found that "claimant's medical condition has improved to the point that she is now capable of performing substantial gainful activity." (Tr. 17) The primary issue here is whether the Secretary's above determination was based upon substantial evidence. This determination involves the Secretary's view of the extent of plaintiff's disability, therefore the degree of plaintiff's impairment is also subject to consideration.

■ In denying plaintiff's claim, the administrative law judge decided that as of March 1977, the plaintiff had no medical impairment which precluded her from working. (Tr. 16) However, the administrative law judge adverts to no evidence that plaintiff is able to perform her previous occupations. In fact, the Social Security Administration concedes that plaintiff's "impairment is sufficiently severe as to make it unlikely that she could return to her usual past work." (Tr. 139) Medical evidence also supports this conclusion. (Tr. 146, 152–153) Thus what is at issue is whether the severity of plaintiff's impairment precludes her from engaging in other employment. It is well established that after a claimant for disability has established her inability to return to her previous occupations, the burden shifts to the Secretary who must then come forward with evidence which shows a reasonable availability of other substantial employment which claimant would be actually able to perform. *Keating v. Secretary of Health, Education and Welfare*, 468 F.2d 788 (10th Cir. 1972). Also *see*, e. g., *O'Banner v. Secretary of Health, Education and Welfare*, 587 F.2d 321 (6th Cir. 1978) and *Smith v. Secretary of Health, Education and Welfare*, 587 F.2d 857 (7th Cir. 1978). In the instant case, the Secretary failed to carry this burden.

■ A vocational expert testified that plaintiff would be able to perform a variety of kinds of light work such as cashier, telephone operator, PBX operator, light bench work and electronic mechanical work. (Tr. 50–51) This conclusion was reached following a series of hypothetical questions presented by the administrative law judge in regard to plaintiff's ability to perform such tasks. The administrative law judge summarized the vocational expert's testimony as follows:

A vocational expert, John E. Greene, in response to a series of hypothetical questions stated that a person with claimant's physical capabilities would have a variety of light and sedentary jobs available to her in this region. Mr. Greene also stated that a person with claimant's capabilities could not work if the back pain was severe. (Tr. 17)

But absent from the record is actual evidence establishing what plaintiff's physical capabilities are with respect to her ability to perform light and sedentary work. "[T]he mere theoretical ability of [a claimant] to engage in some activity is clearly insufficient." *Haley v. Celebrezze*, 351 F.2d 516, 519 (10th Cir. 1965) (footnote omitted). Also *see*, *Mitchell v. Weinberger*, 404 F.Supp. 1213 (D.Kan.1975). Since the burden shifted to the Secretary, it was incumbent upon him to produce actual evidence that claimant was physically qualified to

perform the different kinds of work suggested by the vocational expert.

Medical evidence in the record is insufficient to sustain the Secretary's burden of proving that plaintiff's impairment was not so severe as to enable her to engage in other employment. In a report to the Social Security Determination Unit, Dr. McNally concluded that "it does not appear that plaintiff is able to return to the type of work that she did before and could probably not carry out any type of occupation where she had to be upright or working with her arms actively." (Tr. 146) Dr. McNally's report does not discuss plaintiff's ability to perform light or sedentary work. Plaintiff visited her treating physician Dr. Jordan on January 25, 1977; the last time plaintiff had visited him prior to this date was November 11, 1975. Because of this, the administrative law judge concluded that Dr. Jordan's report could only document plaintiff's condition prior to November 26, 1975. (Tr. 16) Also in Dr. Jordan's report no mention is made of plaintiff's ability to engage in light or sedentary work. (Tr. 143) The opinion of Dr. Ramsey supported plaintiff's contention. Dr. Ramsey found "plaintiff unable to perform most jobs which require manual labor, although she is able to work with her hands but is unable to sit for extended periods. (Tr. 16, 152) This would be a major limitation on her performing light bench assembly or telephone equipment operator jobs." (Tr. 152) The administrative law judge discounted Dr. Ramsey's opinion because it relied too much on plaintiff's subjective statements.

The foregoing discussion shows that the record contains no evidence that any physician believed plaintiff possessed the actual physical ability to engage in light work. The testimony of the vocational expert in response to hypotheticals is inadequate to establish plaintiff's physical ability to perform other work. *See Thompson v. Mathews*, 561 F.2d 1294 (8th Cir. 1977) and *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976).

 The administrative law judge did not find plaintiff's allegations of pain credible because between November 26, 1975 and April 15, 1977, "[plaintiff] did not see a doctor, was not on medication and did not use a brace." (Tr. 17) Credibility issues and inferences are normally within the realm of the trier of fact. *Richardson v. Perales, supra; Mayhue v. Gardner*, 294 F.Supp. 853 (D.Kan.1968). Assuming evidence in the record provides a basis for the administrative law judge disbelieving plaintiff's assertions of pain, *see Lund v. Weinberger*, 520 F.2d 782 (8th Cir. 1975), this belief did not relieve the Secretary of the burden to produce positive evidence of plaintiff's actual physical ability to perform light or sedentary work; the burden shifted to the Secretary after it was determined that plaintiff could not return to her previous normal work.

The Secretary, having failed to come forward with evidence of plaintiff's ability to perform other work existing within the national economy, did not meet its burden of proof. *Keating v. Secretary of Health, Education and Welfare, supra*. Also *see, Benitez v. Califano*, 573 F.2d 653 (9th Cir. 1978), and *Tyler v. Weinberger*, 409 F.Supp. 776 (E.D.Va.1976). Thus the Secretary's conclusion that the plaintiff was no longer disabled is not supported by substantial evidence on the record as a whole.

Because questions of fact are not for this court to decide, the case is remanded for consideration of additional evidence on the plaintiff's actual ability to perform other work existing within the national economy.

REMANDED.