Henry J. BRASCHE, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 78–M–1313.

United States District Court, D. Colorado.

Oct. 1, 1979.

Steven U. Mullens, Carvell & Mullens, Colorado Springs, Colo., for plaintiff.

Joseph F. Dolan, U. S. Atty., William C. Danks, Asst. U. S. Atty., Denver, Colo., for defendant; Ronald S. Luedemann, Regional Atty., Thomas A. Nelson, Jr., Deputy Regional Atty., Patricia L. Bossert, Asst. Regional Atty., Dept. of Health, Ed. and Welfare, Denver, Colo., of counsel.

## MEMORANDUM OPINION AND ORDER

MATSCH, Judge.

█ This is a judicial review under 42 U.S.C. § 405(g) of a final determination denying claims for Disability Insurance Benefits and Supplemental Security Income, under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*, respectively. The only issue is whether there is substantial evidence in the record to support that determination. *Ohler v. Secretary,* 583 F.2d 501 (10th Cir. 1978). After examination of the administrative record and the briefs of the parties, the conclusion is that the decision is amply supported in the record and must be affirmed.

The plaintiff was born on March 23, 1938. He completed eight years of schooling, and served in the United States Air Force from 1955–1959. His Air Force training included the repair of cryptographic and teletype equipment. Plaintiff's other occupations have included the operation of heavy equipment (bulldozer, shovel, etc.) the operation of shoe-making machinery, and commercial painting.

Plaintiff has not worked since January of 1977, when he was laid off (for unknown reasons) from painting work in Connecticut, and he moved to Colorado to be closer to his family. He alleges that he has been disabled since January 1, 1977, due to a combination of factors including neck and back injuries, chronic active hepatitis, cataracts and adverse reactions to various medications.

After a hearing held on May 17, 1978, the Administrative Law Judge ruled that the evidence in the record failed to support the necessary finding that plaintiff was precluded, by reason of medically determinable impairments, from engaging in substantial gainful activity for which the claimant was qualified, considering his age, education, and past work experience, for any period of sufficient duration to constitute a "disability".

█ Plaintiff requested and received a review of his case by the Appeals Council, which accepted, as a part of the formal record, additional evidence submitted by the plaintiff. While that evidence, an additional medical evaluation, reflected a medical opinion that the plaintiff could not return to his previous employment, the examining physician also said that Mr. Brasche could probably perform in a sedentary capacity. The council took administrative notice that such work exists in substantial numbers in the national economy, and therefore affirmed the decision of the Ad-

ministrative Law Judge. The plaintiff simply takes issue with these findings, arguing that they were erroneous, and that this court should order the taking of further evidence as to the plaintiff's health and ability to work. He has supplied this court with a letter from another physician, suggesting that he suffers from chronic active hepatitis, lumbar spine disease and cervical spine disease. Such evidence was presented, however, to the Administrative Law Judge and to the Appeals Council. Unless their decisions were unsupported by substantial evidence, this court may not reach a contrary result. *Bradley v. Califano,* 573 F.2d 28, 31 (10th Cir. 1978).

■ The record does suggest, and the Appeals Council virtually conceded, that the plaintiff is unable to return to his former, strenuous lines of work. Such a finding places the burden on the Secretary to show that there is work which plaintiff can perform available in the national economy. *Keating v. Secretary,* 468 F.2d 788, 790 (10th Cir. 1972). While such a showing is often made through introduction of the testimony of a vocational expert, such evidence is not required, and the Council was justified in taking administrative notice that such light work as plaintiff's own physician said he could perform existed in the economy. *Chavies v. Finch,* 443 F.2d 356, 358 (9th Cir. 1971).

There being no other issues raised by plaintiff's complaint or brief, it is clear that there is substantial evidence in the record to support the findings made below, and it must, therefore, be

ORDERED that the final decision of the Secretary is affirmed and this civil action is dismissed.