Richard J. BLANCHETTE, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 81–K–922.

United States District Court, D. Colorado.

Sept. 28, 1981.

Larry A. Williams, Adams County Legal Services, Denver, Colo., for plaintiff.

Beverly R. Buck, Sp. Asst. U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action to review a final decision of the Secretary of Health and Human Services, pursuant to 42 U.S.C. § 405, denying Title II disability benefits to the plaintiff, on the ground that the decision is not supported by substantial evidence.

The plaintiff is a 54 year old high school graduate who previously worked as a heating and refrigerator mechanic. The plaintiff's disability consists of chronic neck pain, muscle spasms in the neck and back, and the residuals of several neck injuries. He has been involved in two car accidents and has had a heavy chain fall on his neck while on the job. The plaintiff's condition severely restricts his neck and head movements and prevents him from engaging in overhead activity. Accordingly, it is undisputed that he can no longer perform his former work. (Tr. 12) The plaintiff appeals from the Administrative Law Judge's findings that he can nonetheless, perform light work as defined in 20 C.F.R. § 404.1567(b), and is therefore not disabled. The Administrative Law Judge reached his decision, in part, by relying on reports that the plaintiff had done sales and light controls work (Tr. 12), and on the medical-vocational guidelines, 20 C.F.R. § 404.1569, Subpart P, Appendix II, Table 2, Rule 202.15, which he states "direct a conclusion that the claimant, . . ., is not

disabled." (Tr. 12) The Appeals Council affirmed the Administrative Law Judge's determination.

For the following reasons, this case is remanded to the Secretary for additional consideration consistent with this opinion.

42 U.S.C. § 423(d)(1)(A) defines "disability" as "inability to engage in any substantial gainful activity by reason of any medical impairment which can be expected to last for over 12 months." Section 423(d)(2)(A) further defines disability to mean not only inability to do the previous type of work but also the inability to do any "other kind of substantial gainful work which exists in the national economy" considering opportunities that exist either in the claimant's region or in the several regions of the country. The standard of judicial review of administrative determinations in disability cases is one of "substantial evidence," *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), which has been defined as "such relevant evidence as reasonable minds accept as adequate to support a conclusion," *Wroblewski v. Califano*, 609 F.2d 908, 913 (8th Cir. 1979). The initial burden, in disability cases, is on the claimant to show that considering his age, education and work experience, he is unable to return to his normal occupation. *Keating v. Sec. of H.E.W.*, 468 F.2d 788 (10th Cir. 1972); *Haley v. Celebrezze*, 351 F.2d 516 (10th Cir. 1965). If at least that much is proven, the burden shifts to the Secretary to come forward with evidence which shows a reasonable availability of other employment which the claimant would be actually able to perform. *Keating v. Sec. of H.E.W.*, 468 F.2d 788 (10th Cir. 1972); *Kirby v. Gardner*, 369 F.2d 302 (10th Cir. 1966).

In the instant case, the Secretary did not carry this burden with substantial evidence. The Secretary's evidence consists primarily of doctor's reports which suggest that the plaintiff might be able to perform lighter work. (Tr. 96, 101). One of the doctors specifically mentioned that the plaintiff might be able to perform goldsmithing work. In addition, the Administrative Law Judge noted that the plaintiff has performed lighter controls work and sales work. (Tr. 12)[1]

However, in assessing whether or not a claimant can do light work, there must be actual evidence that the claimant is in fact able to perform the various functions that the suggested kinds of work require. *Armstrong v. Richardson*, 355 F.Supp. 130, 133 (D.Okla.1972). *See Mitchell v. Weinberger*, 404 F.Supp. 1213, 1217–1219 (D.Kans.1975). "[T]he mere theoretical ability of [a claimant] to engage in some activity is clearly insufficient." (Footnote omitted.) *Haley v. Celebrezze*, 351 F.2d 516, 519 (10th Cir. 1965); *Vigil v. Califano*, 476 F.Supp. 82, 85 (D.Colo.1979).

There is no evidence in the record which indicates that the plaintiff is able to perform the particular tasks involved in the suggested light work jobs. There is no indication that the plaintiff has goldsmithing skills or that his physical condition does not preclude his ability to perform the various tasks involved in goldsmithing. Further, while the plaintiff previously worked in lighter controls and sales before his last

---

1. The ALJ's reference to other findings in the record provides little to no support for his conclusion that the plaintiff is not disabled. The ALJ noted that the plaintiff refused to obtain corrective surgery. However, a refusal to obtain treatment does not preclude a claim of disability where such refusal is reasonable. *Nichols v. Califano*, 556 F.2d 931, 932 (9th Cir. 1972). Here the plaintiff's doctor told him that he would prefer that he avoid surgery and disclaimed assurances as to the likely success of the operation. (Tr. 95). The ALJ's finding that the claimant was alert at the hearing and was able to drive a car is similarly unsupport-ive of his conclusion. The ability to drive an automobile does not establish that a person is able to engage in substantial gainful activity. *Markham v. Califano*, 601 F.2d 533, 535 (10th Cir. 1979). A claimant need not live a closet existence in order to assert a successful claim for benefits. Finally, the ALJ stated that the extent of the plaintiff's pain was not credible. However, the ALJ's belief does not relieve the Secretary of the burden to produce positive evidence of the plaintiff's actual ability to perform light or sedentary work. *Vigil v. Califano*, 476 F.Supp. 82, 85 (D.Colo.1979).

accident, there is no evidence that he can still perform the tasks involved in these jobs. The plaintiff claims that his prior equipment sales and light controls work involved overhead activity. (Tr. 4–5); a function that all parties agree he can no longer perform.[2]

■ Further, the Secretary has not satisfied his burden by relying on the Medical-Vocational guidelines, 20 C.F.R. § 404.1569, Subpart P, Appendix II. These guidelines provide rules for determining disability based on correlations of medical and vocational factors. However, these guidelines are only guides and not substitutes for evidence. It would be anomalous indeed if the Secretary were permitted to manufacture his own evidence to satisfy his burden of demonstrating that a particular claimant can perform alternative work. Accordingly, federal courts throughout the country have held that these guidelines do not relieve the Secretary of his burden to present competent, individualized proof that a particular claimant is not disabled. *Pitcock v. Schweiker*, 520 F.Supp. 1117 (W.D.Ark. 1981); *Yannone v. Sec. of Health and Human Services*, Slip Opinion, Civ. Action No. 80–0071, (D.Mass. Aug. 20, 1981); *Weber v. Schweiker*, Civ. Action No. 80–M–1260, (D.Colo. March 25, 1981); *Maurer v. Harris*, 502 F.Supp. 320, 323–324 (D.Ore.1980); *Santise v. Harris*, 501 F.Supp. 274, 277 (D.N.J.1980); *Phillips v. Harris*, 488 F.Supp. 1161, 1167 (W.D.Va.1980). As stated by the Fifth Circuit last month:

> These tables in the regulations possess a certain tidiness which might create a temptation to plug in variables as if one was programming a computer which would print out the correct results. Fortunately for our society as well as our legal system, we are not yet to the point where a human being with particular and unique problems is declared disabled or

not based upon an impersonal and mechanical formula.

*Perez v. Schweiker*, 653 F.2d 997, 1000–1001 (5th Cir. 1981). Therefore, the ALJ's finding that the guidelines "direct a conclusion that the claimant, . . ., is not disabled" (Tr. 12), is erroneous.

For the reasons stated in this opinion it is hereby

ORDERED that the decision be vacated and the case be remanded to the secretary for additional consideration of evidence on the claimant's actual ability to perform other work existing in the national economy.

---

**2.** In *Vigil v. Califano, supra,* this court remanded a disability case to the Secretary with facts similar to the instant case. The plaintiff was a 49 year old woman with back injury and pain from an auto accident which prevented her from performing her former farmwork. At the hearing, a vocational expert testified that she could perform a variety of light work jobs and doctors stated that she could work with her hands. The court held that the record did not provide any actual evidence that she could perform these jobs and remanded the case for additional consideration of evidence on her actual ability to perform light work.