**Richard J. BLANCHETTE, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 81–K–922.

United States District Court, D. Colorado.

Jan. 19, 1982.

ORDER

**597**

ORDER

KANE, District Judge.

This is an action to review a final decision of the Secretary of Health and Human Services, pursuant to 42 U.S.C. § 405(g), denying Title II disability benefits to the plaintiff, on the ground that the decision is not supported by substantial evidence. After reviewing the record and transcript of the administrative law judge's proceedings, I held, in a memorandum opinion and order, *Blanchette v. Schweiker,* 523 F.Supp. 338 (D.Colo.1981), that the administrative law judge's decision was not supported by substantial evidence and I remanded the case to the Secretary of Health and Human Services for consideration of additional evidence consistent with my opinion.

I noted in the opinion that it was undisputed that the plaintiff could no longer perform his former work as a controls mechanic. Once a claimant demonstrates that he is unable to return to his normal occupation, the burden shifts to the secretary to come forward with evidence which shows a reasonable availability of other employment which the claimant would actually be able to perform. *Id.* at 340. I found that the administrative law judge relied primarily on reports that the claimant might be able to perform lighter controls work or goldsmithing, in reaching his determination that the claimant could perform other work. However, there was no evidence in the record which indicated that the plaintiff, given his physical condition, could perform the particular tasks involved in the suggested jobs.

I further held that the secretary could not satisfy his burden of coming forward with evidence that the plaintiff could perform alternative work by a perfunctory application of the medical-vocational guidelines, 20 C.F.R. § 404.1569 Subpart P, App. II. I noted that these guidelines are valid guides for assisting administrative law judges but they are not substitutes for evidence of a particular claimant's actual ability to perform alternative work. I did not

Larry A. Williams, Adams County Legal Services, Commerce City, Colo., for plaintiff.

Beverly R. Buck, Sp. Asst. U. S. Atty., Denver, Colo., for defendant.

invalidate the guidelines as the defendant now suggests.[1] Accordingly, I remanded the case for consideration of additional evidence on the claimant's actual ability to perform alternative work.

The defendant appealed my decision and this case is now before the court on the defendant's motion for a stay of the remand pending appeal pursuant to F.R. Civ.P. 62(c).[2] Assuming that rule 62(c) is even applicable to this type of action, cf. *Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980), the defendant's motion must be denied due to his failure to satisfy all of the requirements of Rule 62(c). In order to be entitled to an injunction pending appeal pursuant to Rule 62(c) it is required that:

"... (a) the applicant make a strong showing that he is likely to succeed on the merits of the appeal; (b) the applicant establish that unless a stay is granted he will suffer irreparable injury; (c) no substantial harm will come to other interested parties, and (d) a stay would do no harm to the public interest." [Citations omitted.]

Wright & Miller, *Federal Practice and Procedure*: Civil § 2904, p. 316, *Moore's Federal Practice*, ¶ 62.05, p. 62–25.

First, the defendant claims that his success on appeal is likely because several courts have upheld the validity of the medical-vocational guidelines. While I find it difficult to make any prognostication concerning success on appeal, cf. *Blackgold Ltd v. Rockwool Industries, Inc.*, 529 F.Supp. 272, 279 (D.Colo.1981), I note that the defendant has misinterpreted my order, which, as mentioned previously, did not invalidate the medical-vocational guidelines.[3] Accordingly, I find that the defendant has not shown a likelihood of success on the merits.

Similarly, the defendant will not suffer the alleged injury and disruption to its system of adjudicating disability claims due to uncertainty as to the validity of the medical-vocational regulations since I did not invalidate these guidelines. Nor do I find persuasive the defendant's claim that he will incur substantial irreparable injury due to the administrative costs from pursuing a remand. Indeed, if on the remand additional evidence demonstrates that the plaintiff is actually able to perform alternative work, then the defendant need not expend the additional administrative costs of pursuing its appeal.

Further, while the claimant who ultimately prevails on appeal is entitled to full retroactive relief, the defendant has not shown that the plaintiff will not suffer substantial hardship from the loss of benefits in the interim. *See Mathews v. Eldridge*, 424 U.S. 319, 342, 96 S.Ct. 893, 906, 47 L.Ed.2d 18 (1976). Accordingly, it is hereby

ORDERED that the defendant's motion for a stay pending appeal pursuant to Rule 62(c) is denied.

1. For a more detailed discussion of my position on the medical-vocational guidelines *see Hogan v. Schweiker*, 532 F.Supp. 639 (D.Colo.1982).

2. The defendant has also moved for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). However, since this action is currently on direct appeal to the Tenth Circuit I decline to decide this motion. In the event that the Tenth Circuit determines that the defendant's appeal is not from a final judgment pursuant to 28 U.S.C. § 1291, *see Tookes v. Harris*, 614 F.2d 1296, Unpub. (5th Cir. 1980), the defendant can renew his motion.

3. I note also that other courts in this circuit have remanded cases to the secretary for consideration of additional evidence despite administrative determinations that the medical-vocational guidelines directed a conclusion that claimants were not disabled. *See e.g. Weber v. Schweiker*, 80–M–1260 (D.Colo., March 24, 1981). In *Weber* Judge Matsch counselled against a mechanical application of the guidelines, noting that "each claimant is entitled to individual consideration of the specific circumstances of his case...." *Id. cf. Erber v. Schweiker*, 81–W–119 (D.Colo., October 22, 1981), where Chief Judge Winner noted circumstances where Administrative Law Judges should present evidence of specific jobs which a claimant can perform despite the guidelines.