Richard J. BLANCHETTE, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Leone P. KELLY, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Civ. A. Nos. 81–K–922, 83–K–1431.

United States District Court,
D. Colorado.

June 15, 1984.

Bernard A. Poskus, Colo. Rural Legal Services, Inc., Grand Junction, Colo., for plaintiff Kelly.

Janis E. Chapman, Asst. U.S. Atty., Denver, Colo., for defendant Heckler.

John Whitehouse Cobb, Roper, Lief, Mains & Cobb, Boulder, Colo., for plaintiffs Kelly and Blanchette.

Larry A. Williams, Asst. Atty. Gen., Gen. Legal Services Section, Denver, Colo., for plaintiff Blanchette.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

These cases are before me on plaintiffs' applications for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. I will first present the standard for awarding fees under the Act, then I will discuss the merits of each claim.

## I. AWARDING ATTORNEY FEES UNDER THE EAJA

■ The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) provides that attorney fees should be awarded to a prevailing party in an action by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." In this circuit, the test of "substantial justification is essentially one of reasonableness in both law and fact." *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486 (10th Cir. 1984). The position of the government under § 2412(d) refers to "the arguments relied on by the government in litigation" as opposed to the actions or behavior which precipitated the litigation. 726 F.2d at 1487. This makes "no functional difference" however, since in most cases the government's litigation position will be that its "underlying action was legally justifiable." 726 F.2d at 1487.

■ In judging whether the government's position was substantially justified in defending the Secretary's refusal to grant benefits to Richard Blanchette and Leone Kelly, I adopt the "reasonable litigation attorney" standard, stated in my earlier opinion on this issue. *See Trujillo v. Heckler,* 582 F.Supp. 701, 705 (D.Colo. 1984). According to that standard an attorney must ask:

Is there any substantial chance of success for my client? Am I merely going through the motions of a suit when my investigation of the law and facts convinces me that my client would and should lose?

*See Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1439 (E.D.N.Y.1983).

## II. *BLANCHETTE v. HECKLER*

Blanchette applied for disability benefits in January of 1980. After he was denied benefits in February of 1981, he sought

judicial review of the Secretary's decision. In September of 1981, I vacated the Secretary's decision and remanded the case to the administrative law judge "for additional consideration of evidence on the claimant's actual ability to perform work existing in the national economy." *Blanchette v. Schweiker*, 523 F.Supp. 338 (D.Colo. 1981). The Secretary requested a stay of my order, which I denied, and then appealed my order denying the stay to the Tenth Circuit. In the meantime, the ALJ held a second hearing and determined that Blanchette was disabled within the meaning of the Social Security Act. The Appeals Council denied the award of benefits on April 20, 1983. The Tenth Circuit remanded the case to me and I reversed the Secretary's decision for the following reasons: The Secretary failed to produce evidence suggesting that Blanchette was able to perform other skilled light jobs in the economy; failed to show that such jobs are reasonably available in the national economy and refused to consider plaintiff's subjective representations of pain as supporting disability. On May 4, 1984 the government appealed my order to the Tenth Circuit and then withdrew the appeal two weeks later.

The Secretary argues that she was substantially justified in maintaining her position in this case. Throughout her brief opposing this application for attorney fees, she restates the same argument she made in refusing to find that plaintiff was disabled; that Blanchette's case history reveals that he was able to perform other skilled light jobs at the time he was denied benefits, even though he could not return to his original occupation. She also says that since the Tenth Circuit did not reverse the case outright when it was appealed but remanded the case for my consideration, I must presume that the case presented a close question of fact and law. This contention is patently absurd.

At no stage of this litigation has the Secretary's position been justified in law or fact. When I first reviewed the Secretary's denial of benefits, I concluded that the plaintiff had shown that he was unable to return to his normal occupation and that the defendant therefore had to produce evidence of a reasonable availability of other employment which the claimant would be actually able to perform. At that time, there was also no evidence in the record indicating that plaintiff could even perform the particular tasks involved in the suggested light work jobs. The Secretary's position at this stage was also not justified in law. I specifically refer to the ALJ's conclusion that the medical vocational guidelines directed a finding that plaintiff was not disabled. The ALJ reached this conclusion with no evidence that Blanchette could even perform sedentary or light work. *See Haley v. Celebrezze*, 351 F.2d 516, 519 (10th Cir.1965); *Vigil v. Califano*, 476 F.Supp. 82, 85 (D.Colo.1979). Finally, after I remanded the case, the ALJ found that Blanchette was disabled and entitled to benefits as of November 13, 1979. Despite this conclusion, the Appeals Council reversed the decision without even considering the testimony of qualified vocational experts who found that Mr. Blanchette could not perform even light work. They also ignored Blanchette's own testimony that he can sit and stand for only one to three hours and has to use a wet heating pad when resting. This second denial of benefits was also erroneous as a matter of law and part of the persistent refusal of the Secretary to consider the plaintiff's subjective representations of pain as supporting disability. *See Celebrezze v. Warren*, 339 F.2d 833, 837–38 (10th Cir.1964).

I realize that attorneys who represent the government must often "defend a suit without much confidence in its merit." *Zimmerman*, 575 F.Supp. at 1440. However, as Judge Weinstein aptly stated:

> The Equal Access to Justice Act steps into this breach by ameliorating the cost and effect on the citizen opposing the government and making such action more expensive to the government. The hope is that government officials in charge will be less apt to take unreasonable positions against the advice of government lawyers.

*Id.* Having thoroughly reviewed the history of this case, I am convinced that counsel for the government did not act as a "reasonable litigation attorney" in opposing Blanchette's four year struggle to obtain disability benefits. There comes a time when even a government attorney must say, "No!" to a client. I therefore grant Blanchette's motion for attorney fees.

### III. *KELLY v. HECKLER*

Leone Kelly is a female in her early 40's who at the time she applied for disability benefits was suffering from an acute herniated disc in the lumbar spine and cervical spondylosis. Her treating physician considered her completely disabled. She sought review of the Secretary's denial of benefits in August of 1983 on various grounds, but primarily because the ALJ refused to consider her subjective representations of pain as supporting disability. I reversed the ALJ's decision for that reason and because of his clearly adversarial behavior at the administrative hearing.[1] The Secretary objects to plaintiff's request for attorney fees on the grounds that the Equal Access to Justice Act does not apply to judicial review of disability determinations. She also objects to the amount requested by plaintiff.

■ The Tenth Circuit has not discussed the issue. However, in *Trujillo v. Heckler,* 582 F.Supp. 701 (D.Colo.1984) I concluded that the EAJA does apply to disability determinations under the Social Security Act. In reaching that conclusion, I cited cases from other circuits and quoted language from the 4th Circuit's opinion in *Guthrie v. Schweiker,* 718 F.2d 104, 107 (4th Cir.1983):

> Nothing in the text of the EAJA expressly excludes its application to Social Security Act cases. The legislative history makes explicit Congress's intent that although the EAJA does not apply to administrative proceedings under the Social

Security Act, it does cover civil actions to review decisions of the Secretary.

582 F.Supp. at 704. The Secretary's argument therefore lacks merit.

■ The only remaining issue is whether the government's position in opposing an award of benefits to Kelly was substantially justified. I note that the government does not address this issue in its reply, despite the fact that it carries the burden of showing substantial justification as a defense to an application for fees under the EAJA. *See National Resources Defense Council v. E.P.A.,* 703 F.2d 700, 712 (3d Cir.1983). Nevertheless, I conclude that a "reasonable litigation attorney" should have resisted upholding the ALJ's blatant refusal to consider the plaintiff's subjective representations of pain as supporting disability. As I noted at the hearing on the merits: such a position reveals a "persistent, continuous refusal on the part of the department to follow the law." Transcript of Hearing, (Dec. 9, 1983). As the government has raised no adequate support for its position, I grant plaintiff Kelly's motion for attorney fees.

### IV. AMOUNT REQUESTED

Blanchette has asked me to award him $10,197.75 in attorney fees for this four year span of litigation. His attorneys, Michael J. Steiner and Larry Williams have submitted affidavits and contemporaneous time records which document the hours spent in representing Blanchette. According to Steiner's records, he spent a total of 86.06 hours representing plaintiff from November 6, 1981 until March 1, 1984 and billed the plaintiff $90.00 per hour for his services. Williams spent 32.67 hours representing the plaintiff from April 20, 1981 to October 1, 1981 at a rate of $75.00 per hour.

■ An award of attorney fees under the EAJA shall not exceed $75.00 per hour

---

1. At the hearing on the merits of Kelly's claim I stated:

> The decision is also reversed because all I can say about the record in its entirety is that it is a cruel and inhuman parody of a judicial

proceeding. *It lacks basic fundamental courtesy on the part of this hearing officer and I concur totally with the council's description of him as an adversary.* (emphasis added)
Transcript of Hearing, (Dec. 9, 1983).

unless "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See also Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 219 (D.C.Cir.1984); *Natural Resources Defense Council, Inc. v. U.S.E. P.A.*, 703 F.2d 700, 713 (3d Cir.1983); *Howard v. Heckler*, 581 F.Supp. 1231, 1234–35 (S.D.Ohio 1984); *Local 3–398, International Woodworkers of America, AFL–CIO v. Donovan*, 580 F.Supp. 714, 717 (N.D.Cal. 1984); *Dubose v. Pierce*, 579 F.Supp. 937, 958 (D.Conn.1984); *Tripodi v. Heckler*, 100 F.R.D. 736, 739–80 (E.D.N.Y.1984). The purpose of the fee limitation is:

> [T]o provide full market compensation for successful litigants while, at the same time, containing costs. The two special factors specially enumerated in the statute—cost of living rises and limited availability of counsel—facilitate flexible adjustment to special economic circumstances. The cost of living language reflected congressional awareness that, with inflation, the fee limiting provision is directed at another unusual situation: where specialized legal services cannot be obtained in the market for $75 or less.

*Action on Smoking*, 724 F.2d at 217. I conclude that both Williams and Steiner spent a reasonable amount of time in representing Blanchette. However, Blanchette cannot recover the full amount of fees charged by Steiner, as Steiner's hourly billing rate exceeds the statutory limitation and there are no special factors supporting a greater award. He is therefore entitled to recover $8,904.75 [2] in attorney fees.

The time records submitted by Bernard Poskus reveal that he spent 31.2 hours representing the plaintiff Leone Kelly and billed her at a rate of $75.00 per hour. I conclude that such fees are reasonable and within the statutory limitation of the EAJA. Kelly may therefore recover $2,340.00 [3] in attorney fees.

IT IS THEREFORE ORDERED THAT:

The Secretary pay Richard Blanchette $8,904.75, which amount represents the attorney fees he incurred pursuing his claim for disability benefits.

The Secretary pay Leone Kelly $2,340.00, which amount represents the attorney fees she incurred pursuing her claim for disability benefits.

| 2. Attorney | Hours | Rate | Total |
|---|---|---|---|
| Michael J. Steiner | 86.06 | $75.00 | $6,454.50 |
| Larry Williams | 32.67 | $75.00 | $2,450.25 |
| | | | $8,904.75 |

