Gilbert D. VALDEZ, Plaintiff,

v.

Richard A. SCHWEIKER, as Secretary of Health and Human Services, now Margaret M. Heckler, Secretary of Health and Human Services, Defendant.

Civ. A. No. 81–K–314.

United States District Court,
D. Colorado.

Dec. 19, 1983.

Richard A. Brown, Grand Junction, Colo., for plaintiff.

Robert N. Miller, U.S. Atty., and Henry L. Solano, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER REVERSING ADMINISTRATIVE FINDING

KANE, District Judge.

The plaintiff, Gilbert E. Valdez, sued for a review of the final decision of the Secretary of Health and Human Services, terminating his Supplemental Security Income (S.S.I.) disability benefits as of August 31, 1979. On June 11, 1981, I remanded this case to the secretary for further proceedings. In that order I explicitly stated that the secretary shall formulate specific criteria for evaluating the medical impairments of Gilbert Valdez and indicate whether his medical impairments materially improved since he was transferred from the Colorado A.N.D. Program to the S.S.I. Program as a "grandfatheree" beneficiary. Any findings of fact regarding the condition of Mr. Valdez were to be formulated in accordance with the mandates of *Finnegan v. Matthews*, 641 F.2d 1340 (9th Cir.1981) and *Ryan v. Shea*, 525 F.2d 268 (10th Cir.1975). A review of the July 1, 1982 order reaffirming the termination of Mr. Valdez's disability benefits reveals that the administrative law judge refused to comply with my June 11, 1981 order. Such obduracy forces me to reverse the decision of the defendant.

In her brief filed pursuant to order, the defendant concedes that she must comply with the June 11, 1981 order. She says, "Defendant submits that the final decision of the Secretary complies with the Court's remand order and it is not defendant's position that she was not required to comply with that order." Curiously, this statement is made with full knowledge of the decision of July 1, 1982 by the hearing officer which states:

> Administrative law judges assigned to a particular agency are required by the terms of their appointment and the authority under which they are appointed to apply the rules and regulations of the agency to which they are assigned. *Under these circumstances the undersigned cannot apply or consider the rule in Finnegan and it follows that this nonacquiescence would also rule out the case of Ryan as a basis for evaluation.* (Emphasis added.)

Recommended Decision of Administrative Law Judge on Court Remand at 118. This reaffirmation of termination shows an obvious refusal to apply the standards of *Shea* and *Finnegan*. Defendant's failure to follow the law of the Tenth Circuit and my order is a blatant violation of the doctrine of separation of powers.

██ An administrative agency is bound on remand to apply the legal principles laid down by the court. *See Chicago & North Western Transportation Company v. United States*, 574 F.2d 926, 930 (7th Cir. 1978) (citing *F.C.C. v. Pottsville Broadcasting Co.*, 309 U.S. 134, 145, 60 S.Ct. 437, 442, 84 L.Ed. 656 (1940); *Morand Brothers Beverage Company v. N.L.R.B.*, 204 F.2d 529, 532–33 (7th Cir.1953)). "The decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority." *See Cleveland v. Federal Power Commission*, 561 F.2d 344, 346 & n. 19, (D.C.Cir. 1977). *See also United Gas Improvement Co. v. Continental Oil Co.*, 381 U.S. 392, 406, 85 S.Ct. 1517, 1525, 14 L.Ed.2d 466 (1965) (agency must act upon court's correction on remand). The Social Security Administration is a body subject to the authority of the Tenth Circuit. The defendant must apply *Ryan v. Shea* when reviewing the claim of Mr. Valdez.

The defendant has devoted much time and space in her brief to defending agency non-acquiescence in court of appeals decisions. In attempting to justify denial of

benefits, the defendant has predictably ignored the issue of law presented. The issue is whether a defendant in a United States District Court can refuse to comply with a direct order issued by the court simply because she disagrees with the standard of review ordered to be used. The obvious answer is no. The Department of Health and Human Services as an arm of the executive branch of this government has no right to disobey, with impunity, valid orders of the judicial branch.[1] Any deviation from that view violates the doctrine of separation of powers which is fundamental to our jurisprudence.

> It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases must of necessity expound and interpret that rule.

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803).

This separation of powers principle not only precludes congress or the executive from overruling the judgments of the supreme court, but also the mandates of any federal district court.[2] *See Cerro Metal Products v. Marshall*, 467 F.Supp. 869, 878–79 (D.Pa.1979). Defendant asserts she is only bound by the Supreme Court's interpretation of the law:

[A] party, whether a private litigant or government agency, is privileged to continue to assert a legal position in the judicial system until bound by a final judgment rendered by the highest court in that system.

(*citing United States v. Estate of Donnelly*, 397 U.S. 286, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970)).

▮▮▮ The defendant can assert a legal position contrary to *Finnegan* and the law of this circuit while on appeal, but she cannot refuse to obey the orders of this court. Instead of appealing my remand order, the secretary chose to operate outside the law by disregarding *Finnegan* and *Shea* when evaluating the claim of Mr. Valdez. The secretary's obstinance will not be tolerated. I will enforce the law as stated by the court of appeals. I believe outright reversal is appropriate in this case. If there is a next one, contempt powers will be invoked.[3]

The secretary's refusal to direct her subordinates to apply the law as directed has prevented me and other judges from insuring that a plaintiff's disability claim is fairly evaluated.[4] The contumacious behavior and delay of the department has dealt a severe injustice to the plaintiff making further delay intolerable.

---

1. "That the action of defendants was taken pursuant to instructions of superior authority is no defense. *The executive branch of government has no right to treat with impunity the valid orders of the judicial branch.* An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until reversed by orderly and proper proceedings. And the 'greater the power that defies law the less tolerant can this Court be of defiance.'" *United States v. United Mine Workers of America*, 330 U.S. 258, 312, 67 S.Ct. 677, 705, 91 L.Ed. 884 (1974).

2. "But the separation of powers principles which preclude Congress, or the executive, from overruling the judgments of the Supreme Court have equal applicability for the judgments of the lowliest of Article III courts. A District Court is a small court. And yet there are those who love it." *Cerro Metal Products v. Marshall*, 467 F.Supp. 869, 878–79 (D.Pa.1979).

3. A contempt order is a proper remedy where a party such as the defendant, acts to "embarrass,

hinder, or obstruct a court in the administration of justice." *See* Black's Law Dictionary 390 (Rev. 4th Ed.1968). A district court has broad discretion in using its contempt power to require adherence to court orders. *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir.1982). The defendant is fortunate that this court is only reversing her decision and not initiating contempt proceedings.

4. In one of my earlier opinions I discussed the function of this court when reviewing a denial of disability benefits:

> "[T]he district court should not blindly affirm the secretary's decision but must instead scrutinize the entire record to determine if the plaintiff's claim has been *fairly evaluated and the law has been correctly applied.* (emphasis added).

*Hogan v. Schweiker*, 532 F.Supp. 639, 642 (D.Colo.1982).

A most recent case, *Lopez v. Heckler*, 572 F.Supp. 26 (C.D.Cal.1983), *aff'd* 713 F.2d 1432 (9th Cir.1983), involved a class action challenging policies and procedures used by the secretary in terminating social security disability benefits. In that case, the secretary refused to apply the law of the Ninth Circuit on the grounds of "non-acquiescence." The district court granted a preliminary injunction and certified a class of all persons in the circuit whose rights and benefits have been or will be threatened by the express refusal of the secretary to follow judicial precedent in the Ninth Circuit. The court also required the secretary to produce evidence showing improvement in the recipient's medical condition before disability benefits may be terminated for lack of disability.

An earlier case, *Siedlecki v. Schweiker*, 563 F.Supp. 43 (W.D.Wash.1983) also dealt with the secretary's refusal to apply *Finnegan* when terminating disability benefits. The court granted summary judgment to the plaintiffs in that case stating:

> Reduced to its essence, the Secretary's argument is that his department, in spite of the *Finnegan* decision, should be allowed to make initial determinations of the continuing eligibility for SSI benefits of grandfatherees. This court finds that *Finnegan* controls.

563 F.Supp. at 48.

The secretary's actions in the Ninth Circuit as well as in this circuit reveal a clearly rebellious frame of mind. The secretary's refusal to direct her subordinates to apply the law as directed by this court constitutes a willful effort to thwart the orderly administration of justice.[5] Justice Frankfurter aptly described the effect of such disobedience:

There can be no free society without law administered through an independent judiciary. If one man can be allowed to determine for himself what is law, every man can. *That means first chaos, then tyranny.* Legal process is an essential part of the democratic process. For legal process is subject to democratic control by defined, orderly ways which themselves are part of law. In a democracy, power implies responsibility. *The greater the power that defies law the less tolerant can this Court be of defiance.* (emphasis added).

*United States v. United Mine Workers of America*, 330 U.S. 258, 312, 67 S.Ct. 677, 705, 91 L.Ed. 884 (1947). Such conduct subverts the judiciary's function to check the executive. The secretary's conduct has prevented this court from accomplishing its constitutionally assigned function. Maintaining the independence of the judiciary is essential to the orderly administration of justice. Executive encroachment on the judicial power cannot be tolerated:

> The doctrine of separation of powers clearly contemplates a zone of judicial power which must be free from interference by either the Legislative or Executive [b]ranches.

*United States v. Brainer*, 515 F.Supp. 627, 631 (D.Md.1981) (*citing* The Federalist No. 47 (J. Madison)).

IT IS THEREFORE ORDERED THAT:

The June 25, 1980 decision of administrative law judge Bunten is reversed. The secretary is ordered to restore without further delay to the plaintiff, George D. Valdez, all benefits to which he is entitled by law. Plaintiff shall be awarded costs upon filing of a bill of costs.

---

**5.** The Ninth Circuit in *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir.1983) described the Secretary's obstinance:

"The Secretary's ill-advised policy of refusing to obey the decisional law of this circuit is akin to the repudiated pre Civil War doctrine of nullification whereby rebellious states refused to recognize certain federal laws within their boundaries. The Secretary's non-acquiescence not only scoffs at the law of this circuit, but flouts some very important principles basic to our American system of government—the rule of law, the doctrine of separation of powers imbedded in the constitution, and the tenet of judicial supremacy laid down in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). The government expects its citizens to abide by the law—no less is expected of those charged with the duty to faithfully administer the law." 713 F.2d at 1441 (Pregerson, J. concurring).