Jesse T. ORNELAS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 81–K–2049.

United States District Court, D. Colorado.

Dec. 12, 1984.

Susan E. Perry, Denver, Colo., for plaintiff.

*neither side* has the benefit of this lost or destroyed material.

Janis E. Chapman, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER AWARDING ATTORNEY'S FEES

KANE, District Judge.

Plaintiff originally filed this action November 25, 1981 seeking review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Secretary of the Department of Health and Human Services denying Social Security disability benefits. On March 23, 1982 I heard oral argument and issued an Order remanding this case to the secretary for further consideration. On remand, a full evidentiary hearing was held before an administrative law judge during October and November of 1982. Following the administrative law judge's recommendation that Ornelas be found eligible for benefits, the appeals council again remanded the case to an administrative law judge for further proceedings. After these supplemental proceedings in March and April of 1984, the second administrative law judge also recommended that Ornelas be found eligible for benefits. On June 15, 1984, the appeals council issued its final order denying plaintiff benefits.

Ornelas filed a supplemental complaint in this court on July 19, 1984. On September 14, 1984 I reversed the decision of the Secretary.

My ruling from the bench merits repetition here:

> If this were anything other than an agency of the United States government, I would have every one of those people [the appeals council] in here for contempt of court. I think their conduct is unconscionable and it's despicable. This case is one of the most outrageous examples of the abuse of governmental authority that I have encountered, not only since I have been on the bench but in 25 years in the law. It is an outrage. There is no

evidence, there is no authority for what they have done.

> The evidence shows neurological damage, mental retardation, pain, motor instability, [and] vocational incapacity. Two of their own hearing officers have come to the same conclusion and yet they base their decision out of thin air. The appeals council has no right in the face of the record that was made to make any finding on credibility, to make any finding of vocational capacity. It is dishonest, cynical and mendacious.

> Their decision is reversed; the matter is remanded. If in 30 days' time full benefits are not awarded to him, I'm going to have the appeals council people that are responsible for this case in this court every single morning at seven a.m. until it's done. He shall be restored to his benefits and given full back pay, and I am directing, Ms. Perry [plaintiff's counsel], that you file a motion within the next ten days under the Equal Access to Justice Act for attorney's fees over and above any other statutory authority.

Transcript of Oral Argument, September 14, 1984, at pp. 2–3.

The secretary's persistence in disregarding the law of this and other circuits is repeatedly demonstrated. *See, e.g., Byron v. Heckler,* 742 F.2d 1232 (10th Cir.1984); *Valdez v. Schweiker,* 575 F.Supp. 1203 (D.Colo.1983). Appeals of HHS disability benefit denials have become common place in federal courts. In the District of Colorado, 82 Social Security disability benefit cases were filed during the 12 month period ending June 30, 1984. Since June 1, 1984, I have reversed or remanded eight cases in which the secretary denied benefits.[1] The situation is no different in other parts of the country. *See, e.g., Wier v. Heckler,* 734 F.2d 955 (3d Cir.1984); *Merli v. Heckler,* 600 F.Supp. 249 (D.N.J.1984).

---

1. The reversed cases include: *Miller v. Heckler,* 84–K–1321; *Vigil v. Heckler,* 83–K–1431; *Ornelas v. Heckler,* 81–K–249; *Sheeks v. Heckler,* 84–K–820; *Luna v. Heckler,* 83–K–1431; and *Lucero*

*v. Heckler,* 84–K–119. The remanded cases include *Palisoul v. Heckler,* 84–K–864 and *Manchego v. Heckler,* 84–K–259.

Before me now is Ornelas' petition for attorney fees pursuant to the provisions of subsection (d) of the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[2] In her brief in support of the motion for fees, Ornelas' counsel also argues that fees should be awarded pursuant to § 2412(b). She suggests that I apply the bad faith exception to the American rule generally denying awards of attorney fees. Because the original motion did not raise this argument and because I award fees pursuant to subsection (d) I do not consider the arguments in support of an award under subsection (b) of the EAJA.

I have previously outlined the criteria for an award of fees in social security cases under subsection (d) of the EAJA. *See Trujillo v. Heckler,* 582 F.Supp. 701 (D.Colo.1984); *Blanchette v. Heckler,* 586 F.Supp. 903 (D.Colo.1984). The record is clear that Ornelas was the prevailing party and that the position of the government was not substantially justified. Moreover, there are no special circumstances which would make the award of fees unjust.

The government argues that because the Assistant United States Attorney made no argument in support of the Secretary's position at the September 14, 1984 hearing, the position of the government was substantially justified. The Tenth Circuit has directed that I examine the position of the government in litigation, as opposed to the agency position before litigation to determine if it was substantially justified.[3] *See United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486–87 (10th Cir.1984). The government cannot limit its position during the course of litigation to statements made by the Assistant United States Attorney in the courtroom. Certainly the EAJA contemplates that agency activities in response to in court motions and orders reflect upon the posi-

tion of the government. All actions taken by the secretary following my remand of March 23, 1982 were subject to the supervisory authority of this court and constitute the government's position during litigation. While the Assistant United States Attorney's actions in the courtroom were commendable and in full accord with the provisions of Rule 11, Fed.R.Civ.P., they are insufficient to expunge the position of the government throughout the course of the litigation. *See Valdez, supra.* I find that the position of the government during the course of the litigation was not substantially justified.

Plaintiff's counsel spent 13.2 hours working on the supplemental complaint. I find this time to be appropriate and reasonable. At a statutory rate of $75 per hour plaintiff is entitled to an award of attorney fees in the amount of $990.

Plaintiff's counsel also seeks an award of fees out of plaintiff's award pursuant to 42 U.S.C. 406(b). In *Voth v. Heckler,* No. 83–K–1687 (D.Colo. June 10, 1983), I held that $80 per hour was a reasonable rate for services in cases like Mr. Ornelas'. All totaled his counsel, Susan Perry, spent 74.7 hours working on the case. I find this time to be appropriate and reasonable. Thus, after deducting the 13.2 hours for which the government must pay Ornelas' attorney fees, Ms. Perry is entitled to a payment of $4,920 pursuant to § 406(b).

IT IS THEREFORE ORDERED:

1. Plaintiffs' motion for fees under the EAJA in the amount of $990.00 is granted and

2. The Secretary shall certify payment of $4,920.00 to Susan Perry out of her client's award of benefits.

---

**2.** The attorney fee provisions of 28 U.S.C. § 2412(d) lapsed pursuant to a sunset provision for all cases filed after October 1, 1984. Ornelas' case was filed before the date and, therefore, is unaffected by the lapse.

**3.** Other circuits have held that the government's position referred to in § 2412(d)(1)(A) includes agency action which precipitated the plaintiff's suit. *See, e.g., Natural Resources Defense Council, Inc. v. USEPA,* 703 F.2d 700, 707 (3d Cir. 1983).